| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **NEXUS BANKRUPTCY**<br>BENJAMIN HESTON (297798)<br>100 Bayview Circle #100<br>Newport Beach, CA 92660<br>Tel: 951.290.2827<br>Fax: 949.288.2054<br>*ben@nexusbk.com* | |

☐ *Individual appearing without attorney*
☒ *Attorney for: Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**YVONNE GIOVANNA STEWART**

CASE NO: **6:23-bk-10196-SY**

CHAPTER: **13**

### NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

### (with supporting declarations)

DATE:
TIME:
COURTROOM:**302**
PLACE: **3420 Twelfth Street**
      **Riverside, CA 92501**

Debtor(s).

**Movant: YVONNE GIOVANNA STEWART**

1.  NOTICE IS HEREBY GIVEN to **Fay Servicing, LLC** (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2.  **Hearing Location:**

    ☐ **255 East Temple Street, Los Angeles, CA 90012**      ☐ **411 West Fourth Street, Santa Ana, CA 92701**
    ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367**   ☐ **1415 State Street, Santa Barbara, CA 93101**
    ☒ **3420 Twelfth Street, Riverside, CA 92501**

3.  a.  ☐  This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1.  If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 1                          **F 4001-1.IMPOSE.STAY.MOTION**

(or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

b. ☒ This motion is being heard on SHORTENED NOTICE.  If you wish to oppose this motion, you must appear at the hearing.  Any written response or evidence must be filed and served: ☒ at the hearing **OR** ☒ at least **0** days before the hearing.

    (1) ☐ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

    (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

    (3) ☒ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending.  Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion. **\*Debtor will be filing this application today, February 21, 2023, once her Counsel is able to deliver a copy to the Judge's chambers**.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: **February 21, 2023**

**NEXUS BANKRUPTCY**
Printed name of law firm (if applicable)

**Benjamin Heston**
Printed name of individual Movant or attorney for Movant

**/s/Benjamin Heston**
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 2                    **F 4001-1.IMPOSE.STAY.MOTION**

## MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** <u>YVONNE GIOVANNA STEWART</u>

1. **The Property or Debt at Issue:**

   a. ☒ Movant moves for an order imposing a stay with respect to the following property (Property):

   ☐ Vehicle *(describe year, manufacturer, type, and model)*:
   Vehicle Identification Number:
   Location of vehicle *(if known)*:

   ☐ Equipment *(describe manufacturer, type, and characteristics)*:
   Serial number(s):

   Location *(if known)*:

   ☐ Other Personal Property *(describe type, identifying information, and location)*:

   ☒ Real Property
   Street Address: **9061 Evonvale Drive**
   Apt./Suite No.:
   City, State, Zip Code: **Corona, CA 92883**
   Legal description or document recording number(include county of recording):

   ☐ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) Fay Servicing LLC (PO Box 814609, Dallas, TX 75381-4609) to secure the sum of approximately $460,000 now owed. (Secured Creditor/Lessor).  Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached.  *(Attach additional sheets as necessary)*

   b. ☒ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the <u>*Secured Creditors/Lessors*</u> as described in this motion; and/or

   c. ☒ Movant moves for an order **imposing a stay** <u>as to *all creditors.*</u>

   d. ☐ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the <u>*Secured Creditor/Lessor*</u>, and/or

   e. ☐ Movant moves for an order **continuing the automatic stay** <u>as to *all creditors*</u>.

2. **Case History:**

   a. ☒ A voluntary    ☐ An involuntary petition concerning an individual[s] under chapter    ☐ 7    ☐ 11    ☐ 12

   ☒ 13 was filed concerning the present case on *(specify date)*: **February 14, 2023**

   b. ☐ An Order of Conversion to Chapter    ☐ 7    ☐ 11    ☐ 12    ☐ 13 was entered on *(specify date)*:

   c. ☐ Plan was confirmed on *(specify date)*:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                     Page 3                     **F 4001-1.IMPOSE.STAY.MOTION**

d.  ☒  Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case.  These cases and the reasons for dismissal are:

    1.  Case name: **In re Yvonne Giovanna Stewart**
       Case number: **6:19-bk-18155-SY**      Chapter: **13**
       Date Filed: **September 16, 2019**    Date dismissed:
       Relief from stay re this Property   ☐ was      ☐ was not granted
       Reason for dismissal:

       **Dismissed for payment delinquency.**

    2.  Case name: **In re Yvonne Giovanna Stewart**
       Case number:            Chapter:
       Date Filed:              Date dismissed:
       Relief from stay re this Property   ☐ was      ☐ was not granted
       Reason for dismissal:

       ☐ See attached continuation page

e.  ☐  As of the date of this motion the Debtor ☐ has ☐ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2).  If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

f.  ☐  The first date set for the meeting of creditors under 11 U.S.C §341(a) is/was **March 22, 2023** and the court ☐ has ☐ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date *(if applicable)* is __.

g.  ☒  In a previous case(s), as of the date of dismissal there was:

    ☐ an action by the Secured Creditor/Lessor under 11 U.S.C. §362(d) still pending or

    ☒ such action had been resolved by an order terminating, conditioning, or limiting the stay as to such creditor. **Order granting relief pursuant to stipulation.**

3.  The equity in the property is calculated as follows:

a)  1.  Property description/value: **9061 Evonvale Drive, Corona, CA 92883**   **$916,200**
    2.  Creditor/Lien amount:**Fay Servicing**         **$460,000**
    3.  Creditor/Lien amount:__             $__
    4.  Creditor/Lien amount:__             $__
    5.  Creditor/Lien amount:__             $__
    6.  Total Liens                      **$460,000**
    7.  Debtor's Homestead Exemption         **n/a**
    8.  Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)   **$456,200**

b)  1.  Propery description/value: __           $__
    2.  Creditor/Lien amount:__             $__
    3.  Creditor/Lien amount:__             $__
    4.  Creditor/Lien amount:__             $__
    5.  Creditor/Lien amount:              $__
    6.  Total Liens                      $__
    7.  Debtor's Homestead Exemption          $__
    8.  Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)   $__

    ☐ See attached continuation page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                     Page 4            **F 4001-1.IMPOSE.STAY.MOTION**

**4.    Grounds for Continuing the Stay:**

a.    ☐ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

    1.    ☐ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

        A.    ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

        B.    ☐ Good faith is shown because:

            ☐ See attached continuation page

    2.    ☐ The Property is of consequential value or benefit to the estate because:

        A.    ☐ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property)*;.

        B.    ☐ The Property is necessary to a reorganization for the following reasons:

            ☐ See attached continuation page

        C.    ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection:) __

            ☐ See attached continuation page

    3.    ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

        A.    ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

        B.    ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;

        C.    ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because __

            ☐ See attached continuation page

        D.    ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

            ☐ See attached continuation  page

        E.    ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

            ☐ See attached continuation page

        F.    ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: __

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 5                          **F 4001-1.IMPOSE.STAY.MOTION**

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☐ For the following additional reasons ___

☐ See attached continuation page

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because ___

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**

a. ☒ Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:

1. ☒ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

   **The value of the Property is approximately $916,200 and the balance on the mortgage is approximately $460,000. The property has an equity cushion of nearly 100%.**

2. ☒ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: ___.

   **The default on the Corona Property is the sole purpose of the Debtor filing for Chapter 13. She intends to reside in the Property once she retires.**

   ☐ See attached continuation page

3. ☒ The Secured Creditor/Lessor's interest can be adequately protected by *(describe Movant's proposal for adequate protection):*

   **The Debtor believes that the Property has a value of approximately $916,200 and the mortgage balance is approximately $460,000. The Property has a substantial equity cushion of nearly 100%. In re Mellor, *734 F.2d 1396 (9th Cir. 1984).***

   **Debtor will make all post-petition mortgage payments. 11 U.S.C. § 361(1).**

   **Debtor would be amendable to any other form of adequate protection which the Court deems appropriate.**

   **See attached Declaration of Yvonne Stewart.**

   ☐ See attached continuation page

b. ☒ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

1. ☒ The prior  dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

2. ☒ Good faith is shown because:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 6                    **F 4001-1.IMPOSE.STAY.MOTION**

**The dismissal of Debtor's case filed in 2019 was due to financial hardship and a purchase of real property for which the Debtor was unaware required prior Court approval. The dismissal of Debtor's January 2023 case was due to technical difficulties with filing her case commencement documents. Both of these dismissal were due to either mistake or factors beyond Debtor's control.**

**In the present case, Debtor has increased her income in order to make the required plan payments. Her plan payment proposes to pay all creditors in full.**

**See attached Declarations of Yvonne Stewart and Benjamin Heston**

☐ See attached continuation page

c.  ☒  The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

1.  ☒  Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows:

**Debtor tried to file the case commencement documents with clean holographic signatures, but was unable to due to technical difficulties.**

**See attached Declarations of Benjamin Heston and Yvonne Stewart.**

☐ See attached continuation page

2.  ☐  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3.  ☐  Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

☐ See attached continuation page

4.  ☐  Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

☐ See attached continuation page

5.  ☒  There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

**Since the dismissal of Debtor's 2019 case, her income has almost doubled. She has increased her expenses for a much more comfortable budget and her disposable income is currently five times greater than her proposed plan payment.**

**See attached Declaration of Yvonne Stewart.**

(from which the Court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

☐ See attached continuation page

6.  ☐  For the following additional reasons __

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 7                    **F 4001-1.IMPOSE.STAY.MOTION**

☐ See attached continuation page

7. ☒ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because __

**Secured Creditor is to be paid in full through Debtor's Chapter 13 Plan. They are adequately protected by a substantial equity cushion and periodic payments. Debtor is amendable to other forms of adequate protection if the Court deems in necessary and appropriate.**

☐ See attached continuation page

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto).*

a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.

b. ☒ Other Declaration(s) are also attached in support of this Motion:

**Statement of Facts and Declarations of Yvonne Stewart and Benjamin Heston.**

c. ☒ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules:
**Authenticated copies of the relevant portions of the Schedules are attached as Exhibit C(1) – (6).**

d. ☒ Other evidence *(specify)*:

**The Docket from Debtor's 2017 Case is attached as Exhibit D(1).**

**The Payment History from Debtor's 2019 Case is attached as Exhibit D(2).**

**The Docket from Debtor's January 2023 Case is attached as Exhibit D(3).**

**The Debtor's proof of recent income is attached as Exhibit D(4).**

7. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested)*:

1. ☐ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☒ That a Stay be imposed as to all creditors until further order of the court.

5. ☒ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☒ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 8                    **F 4001-1.IMPOSE.STAY.MOTION**

7. ☒ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)*:

   **Debtor will provide adequate protection in whatever form and manner the Court deems appropriate.**

8. ☐ For other relief requested, see attached continuation page.


Date: **February 21, 2023**

Respectfully submitted,
**Yvonne Giovanna Stewart**
_____
Movant Name

**NEXUS BANKRUPTCY**
_____
Firm Name of attorney for Movant (if applicable)


**/s/Benjamin Heston**
_____
Signature

**Benjamin Heston**
_____
Printed Name of Individual Movant or Attorney for Movant


~~DECLARATION OF MOVANT~~

~~I, _____, am the _____ of Movant. I have read the foregoing motion consisting of pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.~~

~~I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.~~


_____    _____    _____
~~*Date*~~                        ~~*Printed name of declarant*~~                ~~*Signature*~~

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                        Page 9                        **F 4001-1.IMPOSE.STAY.MOTION**

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951.290.2827
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>YVONNE GIOVANNA STEWART<br><br>Debtor. | Case No: 6:23-bk-10528-SY<br><br>**Chapter 13**<br><br>**STATEMENT OF FACTS AND DECLARATIONS OF YVONNE STEWART AND BENJAMIN HESTON** |

## STATEMENT OF FACTS

The instant bankruptcy case is the fourth case that the Debtor has filed (hereinafter, "2017 Case", "2019 Case", and "January 2023 Case", and "Present Case").

### I.    2017 Case

In hindsight, this case was patently infeasible. Debtor's combined monthly income was $2,400[1] and she could only show that she could afford the minimum plan payment through an unrealistically tight budget. Her Schedule I includes net income from employment of $2,700, and negative $270 rental income. Her Schedule J includes $150 for food and housekeeping, $250 for transportation with a 300 mile per week commute and 12 year old car with 350,000 miles on it, $0 for medical expenses, and so on, totaling $1,400 of monthly expenses. This unsustainable

---

[1] For the sake of clarity, the figures used herein are rounded.

budget showed $1,000 of disposable income, from which her minimum plan payment of $1,000 was to be made. See Exhibit C(1) – 2017 Case: Schedules I & J, Confirmation Order.

Despite the unlikely prospect of success, Debtor was able to make nearly two years of payments before her case was dismissed. See Exhibit D(1) – 2017 Case Docket.

## II.   **2019 Case**

This case was similarly infeasible. Although Debtor's Schedule J in this case was a bit more reasonable, her net income was $820 and her minimum plan payment was $1570, leaving a negative $750 shortfall on her budget. See Exhibit C(2) – 2019 Case: Schedules I & J, Confirmation Order.  Again, despite the infeasibility, Debtor was consistently making her plan payments. See Exhibit D(2) – 2019 Case: Chapter 13 Plan Payment History.

Debtor's financial circumstances finally came to a head in late 2021 when her income and job stability was impacted by Covid and she incurred significant expenses relating to her purchase of real property and the repairs and clean up that was necessary to her being able to rent the property out (further discussed below).

In January  of 2022, the Trustee filed a Motion to Dismiss for a delinquency equal to two plan payments. This was in part due to the Debtor miscalendaring the step up, and thus falling short by an amount equal to the step up, and in part due to her negatively impacted income situation.

In response to the Trustee's Motion to Dismiss, Debtor filed a Motion to Modify which retroactively cured the deficiency and modified the future payments. After the Trustee recommended approval and no opposition was filed, an order was uploaded but rejected due to the apparent purchase of real property without Court approval. In Debtor's defense, she was unaware that the transaction required court approval since: 1) this was a private sale and a bankruptcy check was not done by any of the other parties involved, and 2) admittedly, Debtor was not aware of this provision of her plan.

It was later discovered that the sale was a "seller carryback" transaction, which was a private sale where the former owner of the property was acting in the capacity that is usually held by a traditional lender. Due to the "handshake" nature of the transaction, none of the other parties involved did a bankruptcy check, which would have inevitably held up the sale pending and prompted Debtor to seek court-approval. After realizing that this was indeed a sale which required court approval, Debtor filed a motion seeking retroactive authorization of the transaction. This motion was denied along with the Motion to Modify. Following the rejection of the order on the Motion to Modify, Debtor attempted to get caught up on the terms of the plan in the amounts of the originally confirmed payment schedule. Ultimately, the denial of the motions caused Debtor to be in an impasse where her plan could not be consummated as the unapproved sale was an incurable and material default of the terms of her confirmed plan. Accordingly, Debtor stopped making her plan payments and withdrew her opposition to the Trustee's Motion to Dismiss so that she could re-file once her financial circumstances changed.

Concurrently with the Motion to Dismiss filed in January of 2022, the lender on the Corona Property filed a Motion for Relief from stay due to a default on the on-going mortgage payments. This motion was resolved through an adequate protection agreement and order which provided for a catch-up period starting in March. Before the Debtor could fully catch up, the case was dismissed.

### III. **January 2023 Case**

Debtor re-filed a Chapter 13 case approximately 3 weeks prior to the Present Case being filed. Since Debtor began a new job just a few weeks prior to filing, her financial situation was still changing, and her Schedules I & J showed net monthly income of $4,100, of which she was to pay $1,350 toward her plan payments. See attached Exhibit C(3) – January 2023 Case: Schedules I & J. This budget also relied on the Debtor sticking to very lean expenses in order to be feasible (e.g., $300 for food and housekeeping, $600 for transportation with a commute

between 3 jobs and an older vehicle with 230,000 miles on it, $160 for home maintenance, and so on).

The case was dismissed due to a situation involving signature pages which caused the properly signed documents to be filed after the 14-day deficiency deadline. Although she did provide the signature pages to her attorney prior to the deficiency deadline, due to technical issues with the file she sent, she was only able to provide cellphone images showing that she signed the commencement documents with "wet ink". These cellphone images were copy-and-pasted into the petition documents, and Debtor authorized her attorney to file these documents after she had reviewed the final draft. Neither Debtor nor her attorney were aware that she needed to re-file with full page signature pages until the Court issued a deficiency notice. In response to the deficiency notice, she promptly filed a motion to extend the deficiency deadline, but the case was dismissed 20 minutes after the motion was filed. See Exhibit D(3) – January 2023 Case Docket.

IV. **Present Case**

Debtor has taken the time following the dismissal of the January 2023 Case to reassess her financial situation which, again, was unclear at the time of her previous filing. Debtor's more recent January and February proof of income shows that her income is substantially higher than what had been anticipated in the previous case. See attached Exibit C(4) – Present Case, Schedules I & J; and Exhibit D(4) – Proof of Recent Income.

She is currently working almost 100 hours per week between 3 jobs. At one of her jobs, Conejo Valley Congregate Healthcare, she works 48 hours per week at approximately $37 per hour. At another job, HealthNet, she is working up to 40 hours per week at approximately $25 per hour. As a vocational nurse, she is able to take on around 2 or 3 opportunities per week for contract work through another employer, Clipboard Health, that pays approximately $280 to $320 per shift.

Her net income from the rental properties is now $200 higher since she informed her tenants at the Corona Property that rent was going to be increasing in March. Additionally, her budget was fattened up to be more realistic and comfortable. These adjustments show that her monthly net income is $7,270, or almost double what was originally anticipated.

Since the prior case, Debtor has made a few minor changes to her plan which shows that her payment will be $1,390 and result in full payment to all creditors. See Exhibit C(5) - Present Case: Proposed Chapter 13 Plan

Over the course of Debtor's prior cases, her income has been relatively consistent at around $60,000 per year. If Debtor's current financial circumstances persist, she is set to make up to $160,000 from employment and $5,600 from rental income in 2022. Even if Debtor were to start scaling back her hours, her income would still be much higher than it has been in previous years.

Due to the amount of non-exempt equity in the various properties, all of Debtor's plans have been at 100% and will inevitably stay at 100%. She has plenty of room in her budget to easily afford her $1,400 plan payments and to save for any rainy days that might pop up over the next 5 years.

The Property has value of the Property is nearly double the amount owed on the mortgage (i.e., an equity cushion of nearly 100%) and the property is adequately protected. Debtor is amendable to any other form of adequate protection.


NEXUS BANKRUPTCY

Date: February 21, 2023                    /s/Benjamin Heston
                                           BENJAMIN HESTON,
                                           Attorney for Debtor

5

1

## <u>DECLARATION OF YVONNE STEWART</u>

2    I, Yvonne Stewart, declare as follows:

3    I am the Debtor in this bankruptcy proceeding. I have personal knowledge of all matters

4   stated herein. On all matters stated on information and belief, I believe those allegations to be

5   true. I could competently testify to the allegations contained herein.

6    In my Chapter 13 Case filed in 2017, I was living off a very tight budget, but was

7   consistently making my Chapter 13 payments for nearly two years before the case was

8   dismissed.

9    In my Chapter 13 case filed in 2019, I was still living off a very tight budget, but was

10  consistently making my Chapter 13 payments for nearly two years before I ran into financial

11  difficulties. My job stability and income were negatively impacted due to various Covid-related

12  factors.

13   During the 2019 Case, I purchased the house that is across the street from my own. I

14  purchased the property because it had been occupied by drug addicts and squatters who were

15  openly using drugs, being loud at all hours of the day, and leaving trash and drug paraphernalia

16  scattered around the neighborhood. I purchased the property with the intent of removing the

17  occupants, cleaning and repairing it, and then renting it out at a profit. Although I incurred

18  significant expenses throughout this process, my finances have since rebounded and I am

19  currently renting the property. While the nature of the transaction was unclear at the time since it

20  was a "handshake deal" with the former owner, I have since learned that it was a "seller

21  carryback" transaction that did require court approval. It has been my intention to do everything

22  within my power to comply with the Court's orders, but in this instance I was mistaken.

23   Before filing my January 2023 case, I had recently changed up my income situation by

24  leaving my job at Normandie Wilshire Retirement Hotel and beginning new job at Conejo Valley

25  Congregate Healthcare and Clipboard Health. This has caused my income to increase

26  dramatically and has enabled me to have a more comfortable budget, while still having a

27  significant amount of disposable income.

28

1    The property in Corona is my sole reason for filing Chapter 13 bankruptcy. I intend to

2    use the property in my retirement. Based on my own knowledge of the condition of the property,

3    recent sales in the area, and online listing, I believe that the value is approximately $916,200.

4    The mortgage balance on the Property is approximately $460,000.

5    Attached to this Motion as Exhibit D(4) are true and correct copies of my recent proof of

6    income.

7    I declare under penalty of perjury under the laws of the United States that the foregoing is

8    true and correct.

9

10   Date: February 21, 2023

YVONNE STEWART

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## <u>DECLARATION OF BENJAMIN HESTON</u>

I, Benjamin Heston, declare as follows:

I am the attorney for the Debtor in this bankruptcy proceeding. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

Exhibits C(1) through (5) are true and correct copies of various filed documents which I obtained through the Court's ECF  system on February 20, 2023.

Exhibit D(1) is a true and correct copy of the Docket from Debtor's 2017 that I obtained from the Court's ECF system on February 20, 2023.

Exhibit D(2) is a true and correct copy of the Debtor's 2019 Case payment history that I obtained on February 21, 2023 from 13Network.com.

Exhibit D(3) is a true and correct copy of the Docket from Debtor's January 2023 case that I obtained from the Court's ECF system on February 20, 2023.

Exhibit D(4) are true and correct copies of Debtor's recent proof of income that was filed along with her other petition documents in the present case along with post-petition proof of income that my client has provided me.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: February 21, 2023            _/s/Benjamin Heston_____
                                                    BENJAMIN HESTON

8

# EXHIBIT C(1)

2017 Case: Schedules I & J, Confirmation Order

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Yvonne G Stewart** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | **Customer Services Rep** | |
| Employer's name | **Kelly Services** | |
| Employer's address | **Health Net**<br>**21281 Burbank Blvd**<br>**Woodland Hills, CA 91367** | |
| How long employed there? | **4 Months** | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **2,948.40** | $ **N/A** |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ **0.00** | +$ **N/A** |
| 4. | Calculate gross Income. Add line 2 + line 3. | 4. | $ **2,948.40** | $ **N/A** |

Debtor 1   **Yvonne G Stewart**                                          Case number (*if known*) _____

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** .................................................... | 4. | $ **2,948.40** | $ **N/A** |

5.  **List all payroll deductions:**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ **252.07** | $ **N/A** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **N/A** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ **0.00** | $ **N/A** |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **N/A** |
| 5e. | **Insurance** | 5e. | $ **0.00** | $ **N/A** |
| 5f. | **Domestic support obligations** | 5f. | $ **0.00** | $ **N/A** |
| 5g. | **Union dues** | 5g. | $ **0.00** | $ **N/A** |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ **0.00** + | $ **N/A** |

6.  **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $ **252.07**   $ **N/A**

7.  **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ **2,696.33**   $ **N/A**

8.  **List all other income regularly received:**

8a.  **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.   $ **-269.00**   $ **N/A**

8b.  **Interest and dividends**   8b.   $ **0.00**   $ **N/A**

8c.  **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.   $ **0.00**   $ **N/A**

8d.  **Unemployment compensation**   8d.   $ **0.00**   $ **N/A**

8e.  **Social Security**   8e.   $ **0.00**   $ **N/A**

8f.  **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____   8f.   $ **0.00**   $ **N/A**

8g.  **Pension or retirement income**   8g.   $ **0.00**   $ **N/A**

8h.  **Other monthly income.** Specify: _____   8h.+   $ **0.00** +   $ **N/A**

9.  **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $ **-269.00**   $ **N/A**

10.  **Calculate monthly income.** Add line 7 + line 9.   10.   $ **2,427.33** +   $ **N/A**  =   $ **2,427.33**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11.  **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____   11.   +$ **0.00**

12.  **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies   12.   $ **2,427.33**
**Combined monthly income**

13.  **Do you expect an increase or decrease within the year after you file this form?**
☑ No.
☐ Yes. Explain: _____

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Yvonne G Stewart** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ■ No

   Do not list Debtor 1 and Debtor 2.   ☐ Yes.   Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | **Your expenses** |
|---|---|

| | | |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ **500.00** |

If not included in line 4:

| | | |
|---|---|---|
| 4a. | Real estate taxes | 4a. $ **0.00** |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ **0.00** |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ **0.00** |
| 4d. | Homeowner's association or condominium dues | 4d. $ **0.00** |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ **0.00** |

Debtor 1 **Yvonne G Stewart**                                                  Case number (if known)

| | | | | | |
|---|---|---|---|---|---|
| 6. | **Utilities:** | | | | |
| | 6a. | Electricity, heat, natural gas | 6a. | $ | 0.00 |
| | 6b. | Water, sewer, garbage collection | 6b. | $ | 0.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 60.00 |
| | 6d. | Other. Specify: | 6d. | $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. | $ | 150.00 |
| 8. | **Childcare and children's education costs** | | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. | $ | 60.00 |
| 10. | **Personal care products and services** | | 10. | $ | 60.00 |
| 11. | **Medical and dental expenses** | | 11. | $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. | $ | 250.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. | $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | | |
| | 15a. | Life insurance | 15a. | $ | 0.00 |
| | 15b. | Health insurance | 15b. | $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. | $ | 70.00 |
| | 15d. | Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. | Other. Specify: | 17c. | $ | 0.00 |
| | 17d. | Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | | |
| | 20a. | Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. | Real estate taxes | 20b. | $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify:   **Storage Unit** | | 21. | +$ | 230.00 |

22. **Calculate your monthly expenses**

|  | | |
|---|---|---|
| 22a. Add lines 4 through 21. | $ | 1,380.00 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | 1,380.00 |

23. **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. | Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 2,427.33 |
| 23b. | Copy your monthly expenses from line 22c above. | 23b. -$ | 1,380.00 |
| 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 1,047.33 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.      Explain here:

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Nancy Curry<br>Chapter 13 Standing Trustee<br>1000 Wilshire Blvd., Suite 870<br>Los Angeles, CA 90017<br>(213) 689-3014 FAX (213) 689-3055<br>trustee13la@aol.com<br><br><br>*Chapter 13 trustee* | **FILED & ENTERED**<br><br>MAY 18 2018<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>**BY jones      DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br><br>Stewart, Yvonne G.<br><br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-12185-VZ<br>CHAPTER: 13<br><br> **ORDER CONFIRMING CHAPTER 13 PLAN** <br>DATE: May 7, 2018<br>TIME:  9:00 A.M.<br>COURTROOM: 1368<br>PLACE: 255 E. Temple Street<br>              Los Angeles, CA 90012 |
|---|---|

The Chapter 13 Plan or last amended plan, if any (Plan) of Debtor, was filed on (*date*)  03/01/2018  .

The Plan was served on the creditors pursuant to FRBP 3015.  The Debtor appeared and was examined at a meeting conducted pursuant to 11 U.S.C. § 341(a).  The court finding that the Plan meets the requirements of 11 U.S.C. §1325, the court orders as follows:

The Plan is confirmed, with the following provisions:

1.  Plan payments:

    a.  ☐  The amount of each monthly plan payment is $_____.  The due date is _____ day of each month for _____ months.  The Plan provides for the payment of _____% of allowed claims for general unsecured creditors.

    b.  ☒  For months 1-12 , the   monthly plan payment is $____997.95____.  For months 13-60 , the monthly plan payment is $___831.23_____.  **[Repeat as needed]**  The due date is __24th__ day of each month.  The Plan provides for the payment of ___100__% of allowed claims for general unsecured creditors.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                    Page 1                        **F 3015-1.03.ORDER.CNFRM.CH13.PLAN**

2.  Confirmation of the Plan is without prejudice to the rights of secured creditors with respect to postpetition defaults by the Debtor.

3.  Other provisions:

a. ☒  This is a base plan with the Debtor paying at least $ __51,874.44__ of disposable income into the Plan.  The Debtor shall submit statements of income on an annual basis to the trustee, which income shall be reviewed by the trustee who may petition the court to increase the monthly plan payment for cause until such time as all allowed unsecured creditors, to the extent they are to be paid during the term of the Plan, are paid 100%. The trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the Debtor or the claims have been paid in full without further notice or order from the court.

b. ☒  The trustee is authorized to make payment to holders of secured claims based on the Plan.  However, a filed proof of claim will control the amount owed the creditor, unless an objection to such proof of claim is filed, whether that amount is more or less than the amount provided by the Plan.

c. ☒  Counsel for Debtor is awarded fees of $__4,000.00__; having previously received $__4,000.00__, counsel is entitled to payment of $___0.00___ from the estate.

d. ☒  See attachment for additional provisions incorporated in this order.

e. ☐  Other:

###

Date: May 18, 2018

Vincent P. Zurzolo
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT FOR ORDER CONFIRMING CHAPTER 13 PLAN**

1.  Each year a case is pending after filing of the case, the debtor shall timely submit the personal and business income tax returns to the appropriate taxing authorities. The debtor shall provide to the Trustee complete copies of personal and business income tax returns and copies of forms W-2s and/or 1099 within 10 days after the income tax returns are filed.

2.  The debtor shall turn over to the Trustee any federal and state income tax refunds that are issued to the debtor during the plan term within 10 days of its receipt.

3.  If the Debtor is self-employed, the Debtor shall provide financial statements, including but not limited to bank statements, income and expense statements, a balance sheet, and a cash flow statement for every six (6) months of the plan term.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C(2)

2019 Case: Schedules I & J, Confirmation Order

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Yvonne Giovanna Stewart |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | 6:19-bk-18155-SY |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                                           12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | Customer Service Rep | |
| Employer's name | Centene | |
| Employer's address | 21281 Burbank Blvd.<br>Woodland Hills, CA 91367 | |
| How long employed there? | 11/2018 to Present | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 4,805.60 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ N/A |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ 4,805.60 | $ N/A |

Debtor 1    **Yvonne Giovanna Stewart**                                    Case number *(if known)*    **6:19-bk-18155-SY**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ **4,805.60** | $ **N/A** |

5.  **List all payroll deductions:**

|  |  |  |  |  |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ **416.39** | $ **N/A** |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ **0.00** | $ **N/A** |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ **243.84** | $ **N/A** |
| 5d. | Required repayments of retirement fund loans | 5d. | $ **0.00** | $ **N/A** |
| 5e. | Insurance | 5e. | $ **163.28** | $ **N/A** |
| 5f. | Domestic support obligations | 5f. | $ **0.00** | $ **N/A** |
| 5g. | Union dues | 5g. | $ **0.00** | $ **N/A** |
| 5h. | Other deductions. Specify:  **AD&D** | 5h.+ | $ **3.01** + | $ **N/A** |
|  | **Add Life** |  | $ **29.23** | $ **N/A** |
|  | **Espp** |  | $ **89.58** | $ **N/A** |
|  | **Ltd.** |  | $ **8.36** | $ **N/A** |
|  | **Med Spending** |  | $ **9.41** | $ **N/A** |

6.  **Add the payroll deductions.**  Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ **963.10**    $ **N/A**

7.  **Calculate total monthly take-home pay.**  Subtract line 6 from line 4.    7.    $ **3,842.50**    $ **N/A**

8.  **List all other income regularly received:**

|  |  |  |  |  |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm**  Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **3,825.00** | $ **N/A** |
| 8b. | Interest and dividends | 8b. | $ **0.00** | $ **N/A** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive**  Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **N/A** |
| 8d. | Unemployment compensation | 8d. | $ **0.00** | $ **N/A** |
| 8e. | Social Security | 8e. | $ **0.00** | $ **N/A** |
| 8f. | **Other government assistance that you regularly receive**  Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.  Specify: | 8f. | $ **0.00** | $ **N/A** |
| 8g. | Pension or retirement income | 8g. | $ **0.00** | $ **N/A** |
| 8h. | Other monthly income. Specify: | 8h.+ | $ **0.00** + | $ **N/A** |

9.  **Add all other income.**  Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ **3,825.00**    $ **N/A**

10.  **Calculate monthly income.**  Add line 7 + line 9.    10.    $ **7,667.50**  +  $ **N/A**  =  $ **7,667.50**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11.  **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:                                                                                              11.  +$ **0.00**

12.  **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.    $ **7,667.50**

**Combined monthly income**

13.  **Do you expect an increase or decrease within the year after you file this form?**

☐  No.

■  Yes. Explain:    **Debtor is currently going to school to get her nursing license. Her schooling will be completed in 14 months and she expects that she will be able to obtain employment within 6 - 8 months after graduation.**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Yvonne Giovanna Stewart** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | **6:19-bk-18155-SY** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses                                              12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ■ No

   Do not list Debtor 1 and Debtor 2.    ☐ Yes.  Fill out this information for each dependent...........

   Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    **4.** $      **777.00**

   **If not included in line 4:**

   | | | |
   |---|---|---|
   | 4a. | Real estate taxes | 4a. $  **0.00** |
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $  **0.00** |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $  **162.00** |
   | 4d. | Homeowner's association or condominium dues | 4d. $  **0.00** |

5. **Additional mortgage payments for your residence,** such as home equity loans    **5.** $  **0.00**

| Debtor 1 | **Yvonne Giovanna Stewart** | | Case number (if known) | **6:19-bk-18155-SY** |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | **120.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **40.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **40.00** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **460.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **0.00** |
| 10. | **Personal care products and services** | | 10. $ | **50.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **20.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | **500.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **0.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **0.00** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **101.00** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **0.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. | Other. Specify: | 17c. $ | **0.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **3,440.72** |
| | 20b. | Real estate taxes | 20b. $ | **286.25** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **230.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify:   **Pet Expenses** | | 21. +$ | **100.00** |
| | **Tax Preparation** | | +$ | **20.83** |
| | **LVN School** | | +$ | **500.00** |

| | | | | |
|---|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | **6,847.80** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | **6,847.80** |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | | 23a. $ | **7,667.50** |
| | 23b. Copy your monthly expenses from line 22c above. | | 23b. -$ | **6,847.80** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | | 23c. $ | **819.70** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.    Explain here:

<table>
<tr><td>

Attorney or Party Name, Address, Telephone & FAX No., State Bar No.
& Email Address

Rod Danielson
Chapter 13 Trustee
3787 University Avenue
Riverside, CA 92501
Tel. (951) 826-8000
Fax (951) 826-8090

</td><td>

FOR COURT USE ONLY

**FILED & ENTERED**

JAN 07 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY potier       DEPUTY CLERK

</td></tr>
</table>

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

In re:

Yvonne Giovanna Stewart

CASE NO.: **6:19-bk-18155-SY**

CHAPTER: 13

### ORDER CONFIRMING CHAPTER 13 PLAN

DATE:           December 10, 2019
TIME:                1:30 pm
COURTROOM: 302
ADDRESS:        3420 Twelfth St.
                Riverside, CA 92501

This order pertains to the Chapter 13 Plan (Plan) filed on 12/09/2019, docket number  26 .

The Plan was served on the creditors pursuant to FRBP 3015.  The Debtor* appeared and was examined at a meeting of creditors conducted pursuant to 11 U.S.C. § 341(a).  The court, finding that the Plan with any modifications made at the confirmation hearing meets the requirements of 11 U.S.C. §§ 1322 and 1325, orders as follows:

The Plan is confirmed, with the following provisions:

I.    **PLAN PAYMENTS AND LENGTH OF PLAN**

A.  Debtor's Monthly Plan payments will commence on 10/16/2019 and continue on that day of the month for 60 months.  These payments shall be:

Payments by Debtor of $1,060.00 per months 1 through 2.
Payments by Debtor of $1,570.00 per months 3 through 24.
Payments by Debtor of $1,910.00 per months 25 through 60.

☐    Continuation of payment schedule, see EXHIBIT-1 attached.

---

"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.
"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(S) of this court.
* The term "Debtor" refers to both debtor spouses in a joint bankruptcy case.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

B. [X] This is a Fixed Percentage Plan. Claims in Classes 1 through 4 and 7 will be paid pursuant to the Order of Payments of Claims set forth below. After these payments are completed, nonpriority unsecured claims that are not separately classified (Class 5) will be paid pro rata _100.00%_ of the total amount of these allowed claims. See also provision in Section III, E of this order.

C. [ ] This is a Pot Plan. Debtor will pay a total sum of _____ to the Chapter 13 Trustee (Trustee). After payments required to be made the Claims in Classes 1 through 4 and 7, this sum is estimated to pay _____% to Class 5 nonpriority unsecured creditors.

D. [ ] This is a Residual Plan. After payments required to be made to Claims in Classes 1 through 4 and 7, this is estimated to pay 100.00% to Class 5 nonpriority unsecured creditors.

E.  Income Tax Refunds

All Debtors will provide the chapter 13 Trustee a copy of each income tax return filed during the Plan term within 14 days of filing the return.

[ ] Debtor must turn over to the Chapter 13 Trustee all tax refunds in excess of $500 received during the Plan Term

[X] This is a 100% Plan. Unless the Plan is modified to a lower percentage, Debtor may retain tax refunds.

## II. ORDER OF PAYMENT OF CLAIMS

Unless modified by Part III.E of this Order, the Chapter 13 Trustee must make payments on claims as set forth in Section II.A of the Plan.

## III. OTHER PROVISIONS

A. [ ] Lien Avoidance

[ ] 1. The Plan provides (in Section IV.A.) that Debtor will request the court to value property or avoid liens of creditors under 11 U.S.C. § 506 by separate motion(s). This court has issued order(s) on such motion(s). The affected liens are identified in **Attachment A**. Unless otherwise ordered by this court, the effective date on which such liens will be avoided is the date of completion of all Plan payments.

[ ] 2. The Plan utilizes Section IV.C to modify secured claims and liens without a separate motion and serves as the motion to value the real or personal property and avoid liens and security interests of creditors. See **Attachment B** for valuation and avoidance of liens under 11 U.S.C. § 506.

[ ] 3. The plan utilizes Section IV.C to avoid judicial liens or nonpossessory, nonpurchase-money security interests of creditors on real or personal property under 11 U.S.C. § 522(f).

[ ] See Attachment C for avoidance of real property judicial liens.

[ ] See Attachment D for avoidance of judicial liens and nonpossessory, nonpurchase-money security interests of creditors on personal property.

B. [ ] Surrender of Collateral and Automatic Stay Termination.

The following collateral is surrendered to secured creditors and the automatic stay provisions of 11 U.S.C. § 362(a) are terminated as to the collateral only, and the co-debtor stay under 11 U.S.C. §1301 is terminated in all respects, upon entry of this order.

| | COLLATERAL | SECURED CREDITOR |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_December 2017_    FG:200 - 12/23/19 - 10:38 - 1918155 - KP    Page 2 of 4    **F 3015-1.03.ORDER.CNFRM.CH13.PLAN**

C. Attorney's Fees

1. [X]   Attorney for debtor is employed under the Rights and Responsibility Agreement (RARA) and is
         awarded Base Fees of $5,000.00. Having received $1,990.00, Attorney for Debtor is entitled to a
         payment of $3,010.00 from the bankruptcy estate on account of such Base Fees.

2. [ ]   Attorney for Debtor is employed on an hourly fee contract. All fee awards shall be by separate
         order.

D.   The Chapter 13 Trustee is authorized to make payment to creditors holding allowed secured claims based on the
     Plan. However, the amounts listed on a proof of claim for an allowed secured claim control over any contrary
     amounts listed in the Plan as to the current installment payment and arrearages unless otherwise ordered by the
     court. Also, any determination in the Plan or by separate motion made under FRBP 3012 about the amount of a
     secured claim is binding on the creditor holding the claim, even if the holder files a contrary proof of claim,
     regardless of wheather an objection to claim has been filed. If relief from the automatic stay is ordered as to a
     secured creditor on certain collateral, then all payments under the Plan to the secured creditor as to that collateral
     will cease.

E. [X]   The following modifications to the Plan have been agreed to by the Chapter 13 Trustee, and/or a creditor if
         applicable, and Debtor, or have been ordered by the court.

     In the event of any differences between the terms of the plan and this order, the terms of this order shall control.

     The plan base amount of $105,420.00 shall be paid to the Trustee, in addition to any tax refunds required by this
     order.

     **Additional plan interlineations are set forth on page four of this order.**

F.  Revesting Property

Property of the bankruptcy estate will not revest in Debtor until such time as a discharge is granted or the case is
dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the
case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is
converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in
accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will have no further authority or
fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed
use, sale, or refinance as required by the LBRs. Before any discharge or dismissal, Debtor must seek approval of the
court to purchase, sell, or refinance real property.

### ###

Date: January 7, 2020

_Scott Y_

Scott H. Yun
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_December 2017_    FG:200 - 12/23/19 - 10:38 - 1918155 - KP    Page 3 of 4    **F 3015-1.03.ORDER.CNFRM.CH13.PLAN**

<u>Additional Plan Interlineations</u>

Attorney fees shall be paid at the rate of not more than  50% of the amount of each plan payment until paid in full

Debtor must pay the base plan amount or the percentage to unsecured creditors, whichever is greater.  The Trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the Debtor(s) or the claims have been paid in full without further notice or order from the court.

The Trustee shall pay the secured claim arrears of Ditech Financial LLC in the amount of  $961.90 at the rate of $16.03 per month for 60 months. The Trustee shall pay the secured claim arrears of Fay Servicing LLC in the amount of $51,103.01 at the rate of $851.72 per month for 60 months. Per the liquidation analysis, debtor (s) must pay 100% to the unsecured creditors.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*    FG:200 - 12/23/19 - 10:38 - 1918155 - KP    Page 4 of 4    **F 3015-1.03.ORDER.CNFRM.CH13.PLAN**

# **EXHIBIT C(3)**
January 2023 Case: Schedules I & J

Fill in this information to identify your case:

Debtor 1      __Yvonne_____ __Giovanna_____ __Stewart_____
              First Name          Middle Name           Last Name

Debtor 2      _____
(Spouse, if filing)  First Name    Middle Name           Last Name

United States Bankruptcy Court for the:    __Central District of California__

Case number      __6:23-bk-10196-SY__
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition
   chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

# Schedule I: Your Income

**12/15**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ☑ Employed  ☐ Not Employed | ☐ Employed  ☐ Not Employed |
| **Occupation** | | Vocational nurse | |
| **Employer's name** | | Conejo Valley Congregate Healthcare | |
| **Employer's address** | | 1225 Lawrence Way | |
| | | Number Street | Number Street |
| | | | |
| | | Oxnard, CA 93035 | |
| | | City   State   Zip Code | City   State   Zip Code |
| **How long employed there?** | | 2 months | |

### Part 2:  Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | $7,335.87 | $0.00 |
| 3. | **Estimate and list monthly overtime pay.** | + $0.00 | + $0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | $7,335.87 | $0.00 |

Debtor 1    **Yvonne**        **Giovanna**        **Stewart**        Case number *(if known)*  6:23-bk-10196-SY
            First Name      Middle Name      Last Name

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Copy line 4 here............................................................➔ | 4. | $7,335.87 | $0.00 |
| **5.** | **List all payroll deductions:** | | | |
| | 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $586.74 | $0.00 |
| | 5b. **Mandatory contributions for retirement plans** | 5b. | $662.43 | $0.00 |
| | 5c. **Voluntary contributions for retirement plans** | 5c. | $111.55 | $0.00 |
| | 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | $0.00 |
| | 5e. **Insurance** | 5e. | $366.23 | $0.00 |
| | 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| | 5g. **Union dues** | 5g. | $0.00 | $0.00 |
| | 5h. **Other deductions.** Specify: _____ | 5h. + | $0.00 | + $0.00 |
| **6.** | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $1,726.95 | $0.00 |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $5,608.93 | $0.00 |
| **8.** | **List all other income regularly received:** | | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** | | | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $5,500.00 | $0.00 |
| | 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | $0.00 |
| | 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| | 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| | 8f. **Other government assistance that you regularly receive** | | | |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 | $0.00 |
| | 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| | 8h. **Other monthly income.** Specify: _____ | 8h. + | $0.00 | + $0.00 |
| **9.** | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $5,500.00 | $0.00 |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | 10. | $11,108.93 + $0.00 = | $11,108.93 |

**11.** State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____    11. + $0.00

**12.** **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies    12. $11,108.93

**Combined monthly income**

**13.** **Do you expect an increase or decrease within the year after you file this form?**
☑ No.
☐ Yes. Explain:

| Debtor 1 | **Yvonne** | **Giovanna** | **Stewart** | | Case number *(if known)* 6:23-bk-10196-SY |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

1. **Employment information for Debtor 1**

| | |
|---|---|
| **Occupation** | Vocational nurse |
| **Employer's name** | Clipboard Health |
| **Employer's address** | |
| | Number Street |
| | 340 S LEMON AVE #5028 |
| | Upland, CA 91786 |
| | City      State      Zip Code |
| **How long employed there?** | 7 months |

| | |
|---|---|
| **Occupation** | Vocational nurse |
| **Employer's name** | HealthNet |
| **Employer's address** | 7700 Forsyth Blvd |
| | Number Street |
| | Saint Louis, MO 63105-1807 |
| | City      State      Zip Code |
| **How long employed there?** | 5 years 1 month |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Yvonne** | **Giovanna** | **Stewart** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **Central District of California**

Case number    **6:23-bk-10196-SY**
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Your Household

1.  **Is this a joint case?**

☑ No. Go to line 2.

☐ Yes. **Does Debtor 2 live in a separate household?**

☐ No

☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2.  **Do you have dependents?**

Do not list Debtor 1 and
Debtor 2.

Do not state the dependents'
names.

☑ No

☐ Yes. Fill out this information
for each dependent............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |
| _____ | _____ | ☐ No.  ☐ Yes. |

3.  **Do your expenses include
expenses of people other than
yourself and your dependents?**

☑ No
☐ Yes

## Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J,* check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of
such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  |  | Your expenses |
|---|---|---|
| 4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $777.00 |
| **If not included in line 4:** | | |
| 4a.  Real estate taxes | 4a. | $0.00 |
| 4b.  Property, homeowner's, or renter's insurance | 4b. | $0.00 |
| 4c.  Home maintenance, repair, and upkeep expenses | 4c. | $160.00 |
| 4d.  Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | **Yvonne** | **Giovanna** | **Stewart** | | Case number *(if known)* 6:23-bk-10196-SY |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | | **Your expenses** |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $0.00 |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $100.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $30.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $40.00 |
| | 6d. Other. Specify: _____ | 6d. | $0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $300.00 |
| 8. | **Childcare and children's education costs** | 8. | $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $0.00 |
| 10. | **Personal care products and services** | 10. | $50.00 |
| 11. | **Medical and dental expenses** | 11. | $20.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $600.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $101.00 |
| | 15d. Other insurance. Specify: _____ | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $0.00 |
| | 17c. Other. Specify: _____ | 17c. | $0.00 |
| | 17d. Other. Specify: _____ | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* (Official Form 106I). | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a. Mortgages on other property | 20a. | $4,841.00 |
| | 20b. Real estate taxes | 20b. | $0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $0.00 |

Debtor 1    **Yvonne**          **Giovanna**          **Stewart**
              First Name         Middle Name           Last Name

Case number *(if known)*  6:23-bk-10196-SY

---

21.  **Other.** Specify: _____    21.  **+**    _____ $0.00

22.  **Calculate your monthly expenses.**

     22a. Add lines 4 through 21.                                              22a.    _____ $7,019.00

     22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    22b.    _____ $0.00

     22c. Add line 22a and 22b. The result is your monthly expenses.          22c.    _____ $7,019.00

23.  **Calculate your monthly net income.**

     23a. Copy line 12 (your combined monthly income) from *Schedule I.*       23a.    _____ $11,108.93

     23b. Copy your monthly expenses from line 22c above.                      23b.  **−**  _____ $7,019.00

     23c. Subtract your monthly expenses from your monthly income.
          The result is your *monthly net income.*                            23c.    _____ $4,089.93

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

     For example, do you expect to finish paying for your car loan within the year or do you expect your
     mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

     ☑ No.      None
     ☐ Yes.

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C(4)
Present Case: Schedules I & J

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **YVONNE** | **GIOVANNA** | **STEWART** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **CENTRAL DISTRICT OF CALIFORNIA** | |
| Case number | | | |
| (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☑ Employed ☐ Not Employed | ☐ Employed ☐ Not Employed |
| Occupation | | VOCATIONAL NURSE | _____ |
| Employer's name | | CONEJO VALLEY CONGREGATE HEALTHCARE | _____ |
| Employer's address | | 1225 LAWRENCE WAY | _____ |
| | | Number Street | Number Street |
| | | | |
| | | OXNARD, CA 93035-2527 | _____ |
| | | City State Zip Code | City State Zip Code |
| How long employed there? | | 2 MONTHS | _____ |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | 2. | $14,328.57 | $0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | + $0.00 | + $0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $14,328.57 | $0.00 |

Debtor 1    __YVONNE_____GIOVANNA_____STEWART_____    Case number (if known) _____
            First Name      Middle Name     Last Name

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here.......................................................→ | 4. | $14,328.57 | $0.00 |
| **5.** List all payroll deductions: | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $2,025.34 | $0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $669.33 | $0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $40.80 | $0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $61.94 | $0.00 |
| 5e. **Insurance** | 5e. | $377.14 | $0.00 |
| 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| 5g. **Union dues** | 5g. | $0.00 | $0.00 |
| 5h. **Other deductions.** Specify: _____ | 5h. + | $0.00 | + $0.00 |
| **6.** Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f+ 5g + 5h. | 6. | $3,174.53 | $0.00 |
| **7.** Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $11,154.04 | $0.00 |
| **8.** List all other income regularly received: | | | |
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $437.00 | $0.00 |
| 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | $0.00 |
| 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 | $0.00 |
| 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| 8h. **Other monthly income.** Specify: _____ | 8h. + | $0.00 | + $0.00 |
| **9.** Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $437.00 | $0.00 |
| **10.** Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | 10. | $11,591.04 + $0.00 = | $11,591.04 |

**11.** State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____    11. + _____$0.00

**12.** Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies    12. ____$11,591.04

**Combined monthly income**

**13.** Do you expect an increase or decrease within the year after you file this form?

☑ No.

☐ Yes. Explain: _____

| Debtor 1 | **YVONNE** | **GIOVANNA** | **STEWART** | | Case number *(if known)* |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

1. **Employment information for Debtor 1**

| | | |
|---|---|---|
| **Occupation** | VOCATIONAL NURSE | |
| **Employer's name** | CLIPBOARD HEALTH | |
| **Employer's address** | | |
| | Number Street | |
| | 340 S LEMON AVE #5028 | |
| | UPLAND, CA 91786 | |
| | City | State | Zip Code |
| **How long employed there?** | 8 MONTHS | |

| | | |
|---|---|---|
| **Occupation** | VOCATIONAL NURSE | |
| **Employer's name** | HEALTHNET | |
| **Employer's address** | 7700 FORSYTH BLVD | |
| | Number Street | |
| | SAINT LOUIS, MO 63105-1807 | |
| | City | State | Zip Code |
| **How long employed there?** | 5 YEARS | |

| Debtor 1 | **YVONNE** | **GIOVANNA** | **STEWART** | Case number *(if known)* |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

8a. Attached Statement

## RENTAL INCOME (2450 DAYBREAK)

| | | |
|---|---|---:|
| 1. | Gross Monthly Income: | $1,150.00 |
| 2. | TOTAL EXPENSES | $883.00 |
| 3. | AVERAGE NET MONTHLY INCOME | $267.00 |

| Debtor 1 | **YVONNE** | **GIOVANNA** | **STEWART** | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

8a. Attached Statement

### RENTAL INCOME (9061 EVONVALE)

| | | |
|---|---|---|
| 1. | Gross Monthly Income: | $3,130.00 |
| 2. | TOTAL EXPENSES | $3,130.00 |
| 3. | AVERAGE NET MONTHLY INCOME | $0.00 |

| Debtor 1 | **YVONNE** | **GIOVANNA** | **STEWART** | Case number *(if known)* |
|----------|-----------|-------------|------------|--------------------------|
| | First Name | Middle Name | Last Name | |

8a. Attached Statement

### RENTAL INCOME (407 NAYLOR)

| | | |
|----|----------------------------|-----------|
| 1. | Gross Monthly Income: | $1,200.00 |
| 2. | TOTAL EXPENSES | $1,030.00 |
| 3. | AVERAGE NET MONTHLY INCOME | $170.00 |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **YVONNE** | **GIOVANNA** | **STEWART** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **CENTRAL DISTRICT OF CALIFORNIA** | |
| Case number | | | |
| (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and
   Debtor 2.

   Do not state the dependents'
   names.

   ☑ No

   ☐ Yes. Fill out this information
   for each dependent...............

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No. ☐ Yes. |
   | _____ | _____ | ☐ No. ☐ Yes. |
   | _____ | _____ | ☐ No. ☐ Yes. |
   | _____ | _____ | ☐ No. ☐ Yes. |
   | _____ | _____ | ☐ No. ☐ Yes. |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No

   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $777.00 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | $0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $60.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $500.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | **YVONNE** | **GIOVANNA** | **STEWART** | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | | **Your expenses** |
|---|---|---|

| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $0.00 |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $150.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $30.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $110.00 |
| | 6d. Other. Specify: _____ | 6d. | $0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $800.00 |
| 8. | **Childcare and children's education costs** | 8. | $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $0.00 |
| 10. | **Personal care products and services** | 10. | $50.00 |
| 11. | **Medical and dental expenses** | 11. | $50.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $800.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $101.00 |
| | 15d. Other insurance. Specify: _____ | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $0.00 |
| | 17c. Other. Specify: _____ | 17c. | $0.00 |
| | 17d. Other. Specify: _____ | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* (Official Form 106I). | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a. Mortgages on other property | 20a. | $0.00 |
| | 20b. Real estate taxes | 20b. | $0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $0.00 |

| Debtor 1 | **YVONNE** | **GIOVANNA** | **STEWART** | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | | |
|---|---|---|---|
| 21. | **Other.** Specify: _____ SEE ADDITIONAL PAGE _____ | 21. | + _____ $900.00 |

22. **Calculate your monthly expenses.**

| | | |
|---|---|---|
| 22a. Add lines 4 through 21. | 22a. | _____ $4,328.00 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. | _____ $0.00 |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. | _____ $4,328.00 |

23. **Calculate your monthly net income.**

| | | |
|---|---|---|
| 23a. Copy line 12 (your combined monthly income) from *Schedule I*. | 23a. | _____ $11,591.04 |
| 23b. Copy your monthly expenses from line 22c above. | 23b. | − _____ $4,328.00 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. | _____ $7,263.04 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.

NONE

**Schedule J: Your Expenses**

| Debtor 1 | **YVONNE** | **GIOVANNA** | **STEWART** | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | Amount |
|---|---|
| **21. Other** | |
| PET EXPENSES | $800.00 |
| WORK UNIFORMS AND SHOES | $100.00 |

**Schedule J: Your Expenses**

# EXHIBIT C(5)
Present Case: Proposed Chapter 13 Plan

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| **NEXUS BANKRUPTCY**<br>Benjamin Heston (297798)<br>100 Bayview Circle #100<br>Newport Beach, CA 92660<br>Tel: 951.290.2827<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Debtor appearing without attorney*<br>☑ *Attorney for Debtor* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| List all names (including trade names) used by Debtor within the last 8 years.<br><br>In re:<br><br>**YVONNE GIOVANNA STEWART,**<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 6:23-bk-10528-SY<br><br>CHAPTER 13<br><br>**CHAPTER 13 PLAN**<br>☑ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ __ Amended*<br>*list below which sections have been changed:<br>_____<br>[FRBP 3015(b); LBR 3015-1]<br><br>**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>Date:     **March 22, 2023**<br>Time:     **9:00 AM**<br>Address:  **VIDEO CONFERENCE, GOTO TRUSTEE WEBSITE, FOR INSTRUCTIONS (rodan13.com)**<br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>Date:     **April 18, 2023**<br>Time:     **1:30 PM**<br>Courtroom: **302**<br>Address:  **3420 Twelfth Street**<br>          **Riverside, CA 92501** |

> ***"Bankruptcy Code" and "11 U.S.C."*** *refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
> ***"FRBP"*** *refers to the Federal Rules of Bankruptcy Procedure.* ***"LBR" and "LBRs"*** *refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 1                    **F 3015-1.01.CHAPTER13.PLAN**

# Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

***PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.***

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1 **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
☐ Included  ☒ Not Included

1.2 **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
☐ Included  ☒ Not Included

1.3 **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
☐ Included  ☒ Not Included

1.4 **Other Nonstandard Plan provisions, set out in Section IV:**
☐ Included  ☒ Not Included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                          Page 2                                    **F 3015-1.01.CHAPTER13.PLAN**

## Part 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

### SECTION I. PLAN PAYMENT AND LENGTH OF PLAN

A. Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 28th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015 1(k)(1)(A)).

Payments by Debtor of:

$1,390.00 per month for months __1__ through __60__ totaling __$83,400.00__
For a total plan length of __60__ months, totaling __$83,400.00__

B. Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is **$9,425.00**. Debtor's student loans are to be paid outside the Plan, leaving **$2,675.00** to be paid through the Plan.

   1. Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are nest payment will be effective.

      a. ☑ **"Percentage" plan: 100%** of the total amount of these claims, for an estimated total payment of **$2,675.00**.

      b. ☑ **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of **$2,675.00** and **100%** to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

   2. Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

      a. the sum of **$538,000.00**, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

      b. if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of **$362,242.20**, representing all disposable income payable for 60 months under the means test.

C. Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D. In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

E. Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page 3                                    **F 3015-1.01.CHAPTER13.PLAN**

must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits Of Account # | Amount |
|---|---|---|---|
|  |  |  |  |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F. Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G. The Chapter 13 Trustee is authorized to disburse funds after the date Plan confirmation is announced in open court.

H. Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I. Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J. If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K. Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

## SECTION II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

## A.    ORDER OF PAYMENT OF CLAIMS:

1st    If there are Domestic Support Obligations, the order of priority will be:

(a)    Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b)    Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(a)    The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b)    Administrative expenses (Class 1(a)) until paid in full.

2nd    Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in    full except as otherwise provided in this Plan.

3rd    Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                Page 4                                **F 3015-1.01.CHAPTER13.PLAN**

**B. CLASSIFICATION AND TREATMENT OF CLAIMS:**

| CLASS 1 |
|---|

| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** |
|---|

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, IF ANY | TOTAL PAYMENT |
|---|---|---|---|
| **a.  Administrative expenses** | | | |
| (1)  Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2)  Attorney's Fees | **$2,500.00** | | **$2,500.00** |
| (3)  Chapter 7 Trustee's Fees | | | |
| (4)  Other | | | |
| (5)  Other | | | |
| **b.  Other priority claims** | | | |
| (1)  Internal Revenue Service | | | |
| (2)  Franchise Tax Board | | | |
| (3)  Domestic Support Obligation | | | |
| (4)  Other | | | |
| **c.  Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)** | | | |
| (specify creditor name) | | | |
| | | | |

☐ See attachment for additional claims in Class 1.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_April 2019_                                      Page 5                                      **F 3015-1.01.CHAPTER13.PLAN**

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE
### ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☐ **None**. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| ESCROW SERVICES, INC | | N/A | N/A | N/A | N/A | ☐ Trustee ☑ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

☐ **None**. *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☑ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

SHELLPOINT MORTGAGE – 7308

BAKERSFIELD HOMES, LLC

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 6                    **F 3015-1.01.CHAPTER13.PLAN**

| CLASS 3B |
|---|

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED
AND PAID IN FULL DURING THE TERM OF THIS PLAN**

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

(a) <u>Bifurcated claims - secured parts</u>: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

(i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

(ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) <u>Bifurcated claims - unsecured parts</u>: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENT |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

☐ See attachment for additional claims in Class 3B.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                        Page 7                            **F 3015-1.01.CHAPTER13.PLAN**

| CLASS 3C |
|---|

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID
IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING
CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

☑    **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☐    Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

| *IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE* | | | | | |
|---|---|---|---|---|---|
| **NAME OF CREDITOR** | **LAST 4 DIGITS OF ACCOUNT NUMBER** | **CLAIM TOTAL** | **INTEREST RATE** | **ESTIMATED MONTHLY PAYMENT** | **ESTIMATED TOTAL PAYMENTS** |
|  |  |  |  |  |  |

| *CURE AND MAINTAIN CLAIMS* |
|---|

☐    Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| **NAME OF CREDITOR** | **LAST 4 DIGITS OF ACCOUNT NUMBER** | **Cure of Default** | | | | **ONGOING PAYMENT DISBURSING AGENT** |
|---|---|---|---|---|---|---|
|  |  | **AMOUNT OF ARREARAGE, IF ANY** | **INTEREST RATE** | **ESTIMATED MONTHLY PAYMENT ON ARREARAGE** | **ESTIMATED TOTAL PAYMENTS** |  |
|  |  |  |  |  |  | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 3C.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                Page 8                                **F 3015-1.01.CHAPTER13.PLAN**

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

☐ See attachment for additional claims in Class 3D.

## CLASS 4

### OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE, WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☑ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CURE OF DEFAULT | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| **FAY SERVICING, LLC** | 7686 | $63,000.00 | 0% | $1,050.00 | $63,000.00 | ☐ Trustee ☑ Debtor |
| **ELITE COMMUNITY MANAGEMENT** | 4416 | $8,000.00 | 0% | $133.34 | $8,000.00 | ☐ Trustee ☑ Debtor |

☐ See attachment for additional claims in Class 4.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| CLASS 5A |
|---|

**NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED**

Allowed non-priority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

## SEPARATE CLASSIFICATION:

***Check all that apply if Debtor proposes any separate classification of non-priority unsecured claims.***

☐ **None.** *If "None" is checked, the rest of this form for Class 4 need not be completed.*

| CLASS 5B |
|---|

☑ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| **EDFINANCIAL SERVICES** | **9596** | **$6,751.00** | **Unknown** | **Unknown** |

| CLASS 5C |
|---|

☐ **Other separately classified non-priority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

☐ See attachment for additional claims in Class 5.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above

| CREDITOR NAME | DESCRIPTION |
|---|---|
|  |  |

☐ See attachment for additional claims in Class 6.

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (identify the contract or lease at issue and the other party(ies) to the contract or lease):

Creditor name: _____
Description: _____
    ☐ **Rejected**    ☐ **Assumed; cure amount (if any): _____ ,**
        **to be paid over _____ months**

Creditor name: _____
Description: _____
    ☐ **Rejected**    ☐ **Assumed; cure amount (if any): _____ ,**
        **to be paid over _____ months**

**Payments to be cured within ___ months of filing the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## SECTION III. PLAN SUMMARY

| | |
|---|---:|
| **CLASS 1a** | **$2,500.00** |
| **CLASS 1b** | **$0.00** |
| **CLASS 1c** | **$0.00** |
| **CLASS 2** | **$0.00** |
| **CLASS 3B** | **$0.00** |
| **CLASS 3C** | **$0.00** |
| **CLASS 3D** | **$0.00** |
| **CLASS 4** | **$71,000.00** |
| **CLASS 5A** | **$2,675.00** |
| **CLASS 5C** | **$0.00** |
| **CLASS 7** | **$0.00** |
| **SUB-TOTAL** | **$76,175.00** |
| **CHAPTER 13 TRUSTEE'S FEE** (Estimated 11% unless advised otherwise) | **$7,225.00** |
| **TOTAL PAYMENT** | **$83,400.00** |

## SECTION IV. NON-STANDARD PLAN PROVISIONS

☑ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is** <u>**ineffective**</u> **.** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**



☐ A. <u>Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)].</u> Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.



☐ B. <u>Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)].</u> Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral:** _____
(e.g., 2nd lien on 123 Main St.)    _____

☐    See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

☐    C.    Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien. Debtor proposes to modify the following secured claims and liens in this Plan *without* a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN. CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

**DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN**

**TO CREDITOR LIENHOLDER/SERVICER:** _____

☐    Real property collateral (street address and/or legal description or document recording number, including county of recording):
_____
(attach page with legal description of property or document recording number as appropriate)

☐    Other collateral (add description such as judgment date, date and place of lien recording, book and page number):
_____

☐    11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐    11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above-described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under non-bankruptcy law or one of the following:

*(check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH):*

☐    (1) discharge under 11 U.S.C. § 1328, or

☐    (2) Upon completion of all Plan payments.

Value of collateral: …………………………………………………………  $ _____
Liens reducing equity (to which subject lien can attach):
        $ _____    +   $ _____    +   $ _____    =  $ _____
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): …………  $ _____

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-described creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.)**

Amount of remaining secured claim (negative results should be listed as $-0-): ….  $ _____

Note: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

☐    See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

☐  **D. Other Non-Standard Plan Provisions (use attachment, if necessary):**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                              Page 13                              **F 3015-1.01.CHAPTER13.PLAN**

Case 6:23-bk-10528-SY    Doc 14    Filed 02/20/23    Entered 02/21/23 00:06:21    Desc
Main Document    Page 67 of 107

## SECTION V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date: **2/20/2023**

/s/Benjamin Heston

BENJAMIN HESTON
**Attorney for Debtor**

YVONNE STEWART
**Debtor 1**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 14                    F 3015-1.01.CHAPTER13.PLAN

**ATTACHMENT A to Chapter 13 Plan/Confirmation Order**
**(11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))**

☑ **None.** *If "None" is checked, the rest of this Attachment A need not be completed.*

1.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** *(e.g., 2nd lien on 123 Main St.):* _____
    _____
    _____

2.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** *(e.g., 3rd lien on 123 Main St.):* _____
    _____
    _____

3.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** *(e.g., 4th lien on 123 Main St.):* _____
    _____
    _____

4.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** *(e.g., 2nd lien on 456 Broadway):* _____
    _____
    _____

5.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** *(e.g., 3rd lien on 456 Broadway):* _____
    _____
    _____

6.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** *(e.g., 4th lien on 456 Broadway):* _____
    _____
    _____

7.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** *(e.g., 2nd lien on 789 Crest Ave.):* _____
    _____
    _____

8.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** *(e.g., 3rd lien on 789 Crest Ave.):* _____
    _____
    _____

9.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** *(e.g., 4th lien on 789 Crest Ave.):* _____
    _____
    _____

(Attach additional pages for more liens/provisions.)

**CERTIFICATION**: I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on *(date)*:  **2/20/2023** _____

*Printed name:* **Benjamin Heston** _____    *Signature:*  **/s/ Benjamin Heston** _____
☑ Attorney for debtor or    ☐ Debtor appearing without attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 15                    **F 3015-1.01.CHAPTER13.PLAN**

# EXHIBIT D(1)
2017 Case Docket

CLOSED, DISMISSED

# U.S. Bankruptcy Court
# Central District of California (Los Angeles)
# Bankruptcy Petition #: 2:17-bk-12185-VZ

|  |  |
|---|---|
| | *Date filed:* 02/24/2017 |
| | *Date terminated:* 05/08/2019 |
| | *Debtor dismissed:* 01/08/2019 |
| | *Plan confirmed:* 05/18/2018 |
| | *341 meeting:* 04/05/2017 |

*Assigned to:* Vincent P. Zurzolo
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

| **Debtor** | represented by **Tate C Casey** |
|---|---|
| **Yvonne G Stewart** | Law Office of Tate C. Casey |
| PO BOX 18259 | 26872 Calle Hermosa |
| Los Angeles, CA 90018 | Capistrano Beach, CA 92624 |
| LOS ANGELES-CA | 949-496-3200 |
| SSN / ITIN: xxx-xx-9596 | Fax : 949-496-0875 |
| | Email: tate@capolaw.com |

**Trustee**
**Nancy K Curry (TR)**
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017
213-689-3014

**U.S. Trustee**
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 02/24/2017 | 1 (44 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by Yvonne G Stewart (Casey, Tate) (Entered: 02/24/2017) |
| 02/24/2017 | 2 (8 pgs) | Chapter 13 Plan (LBR F3015-1) Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 02/24/2017) |
| 02/24/2017 | 3 (1 pg) | Electronic Filing Declaration (LBR Form F1002-1) Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 02/24/2017) |
| 02/24/2017 | 4 (5 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 02/24/2017) |
| 02/24/2017 | 5 (1 pg) | Certificate of Credit Counseling Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 02/24/2017) |

| | | |
|---|---|---|
| 02/24/2017 | 6 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 02/24/2017) |
| 02/24/2017 | 7 (8 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 02/24/2017) |
| 02/24/2017 | | Receipt of Voluntary Petition (Chapter 13)(2:17-bk-12185) [misc,volp13] ( 310.00) Filing Fee. Receipt number 44293905. Fee amount 310.00. (re: Doc# 1) ) (U.S. Treasury) (Entered: 02/24/2017) |
| 02/24/2017 | 8 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 04/05/2017 at 09:00 AM at RM 1, 915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017. Confirmation hearing to be held on 05/07/2018 at 09:00 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 07/05/2017. (Casey, Tate) (Entered: 02/24/2017) |
| 02/26/2017 | 9 (4 pgs) | BNC Certificate of Notice (RE: related document(s)8 Meeting (AutoAssign Chapter 13)) No. of Notices: 4. Notice Date 02/26/2017. (Admin.) (Entered: 02/26/2017) |
| 03/09/2017 | 10 (1 pg) | Notice of Change of Address of Creditor Allied Interstate Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 03/09/2017) |
| 03/09/2017 | 11 (12 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 03/09/2017) |
| 03/15/2017 | 12 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Zahradka, Robert. (Zahradka, Robert) (Entered: 03/15/2017) |
| 03/20/2017 | 13 (2 pgs) | Chapter 13 Trustee's Notice of Requirements with proof of service. (Curry (TR), Nancy) (Entered: 03/20/2017) |
| 03/31/2017 | 14 (2 pgs) | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 03/31/2017) |
| 03/31/2017 | 15 (5 pgs) | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 03/31/2017) |
| 04/06/2017 | 16 (4 pgs) | Objection to Confirmation of Chapter 13 Plan with Proof of Service. (Curry (TR), Nancy) (Entered: 04/06/2017) |
| 04/27/2017 | 17 (7 pgs) | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 04/27/2017) |
| 05/08/2017 | 18 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Zahradka, Robert. (Zahradka, Robert) (Entered: 05/08/2017) |
| 05/22/2017 | 19 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 05/22/2017) |

| | | |
|---|---|---|
| 05/25/2017 | [20](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)19 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 05/25/2017. (Admin.) (Entered: 05/25/2017) |
| 09/08/2017 | [21](#)<br>(2 pgs) | Certification About a Financial Management Course for Debtor 1 (Official Form 423) Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 09/08/2017) |
| 11/22/2017 | [22](#)<br>(50 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2450 Daybreak St, Hemet, California 92545-4742 *with proof of service*. Fee Amount $181, Filed by Creditor Ditech Financial LLC (Attachments: # [1](#) Exhibit 1-5) (Yabes, Gilbert) (Entered: 11/22/2017) |
| 11/22/2017 | | Receipt of Motion for Relief from Stay - Real Property(2:17-bk-12185-VZ) [motion,nmrp] ( 181.00) Filing Fee. Receipt number 46006475. Fee amount 181.00. (re: Doc# [22](#)) (U.S. Treasury) (Entered: 11/22/2017) |
| 11/22/2017 | 23 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)22 Motion for Relief from Stay - Real Property filed by Creditor Ditech Financial LLC) (Johnson, Tina R.) (Entered: 11/22/2017) |
| 11/30/2017 | [24](#)<br>(2 pgs) | Notice of Hearing *, Amended, with proof of service* Filed by Creditor Ditech Financial LLC (RE: related document(s)22 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2450 Daybreak St, Hemet, California 92545-4742 *with proof of service*. Fee Amount $181, Filed by Creditor Ditech Financial LLC (Attachments: # 1 Exhibit 1-5)). (Yabes, Gilbert) (Entered: 11/30/2017) |
| 11/30/2017 | 25 | Hearing Set (RE: related document(s)22 Motion for Relief from Stay - Real Property filed by Creditor Ditech Financial LLC) The Hearing date is set for 1/9/2018 at 09:30 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Johnson, Tina R.) (Entered: 11/30/2017) |
| 12/14/2017 | [26](#)<br>(8 pgs) | Objection to Confirmation of Plan Filed by Creditor Wild Rose Ranch Community Association (RE: related document(s)2    Chapter 13 Plan (LBR F3015-1) Filed by Debtor Yvonne G Stewart.). (Maloney, Erin) (Entered: 12/14/2017) |
| 01/08/2018 | [27](#)<br>(6 pgs) | Stipulation By Ditech Financial LLC and *Yvonne G. Stewart, for Adequate Protection Re: Section 362 Stay* Filed by Creditor Ditech Financial LLC (Yabes, Gilbert) (Entered: 01/08/2018) |
| 01/08/2018 | [28](#)<br>(8 pgs) | Notice of lodgment *of Proposed Order (Adequate Protection) on Motion for Relief from the Automatic Stay, with proof of service* Filed by Creditor Ditech Financial LLC (RE: related document(s)22 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2450 Daybreak St, Hemet, California 92545-4742 *with proof of service*. Fee Amount $181, Filed by Creditor Ditech Financial LLC (Attachments: # 1 Exhibit 1-5)). (Yabes, Gilbert) (Entered: 01/08/2018) |
| 01/08/2018 | [29](#)<br>(5 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # [22](#) , [27](#) ) Signed on 1/8/2018 (Carranza, Shemainee) (Entered: 01/08/2018) |
| 01/10/2018 | [30](#)<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)29 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of |

| | | |
|---|---|---|
| | | Notices: 1. Notice Date 01/10/2018. (Admin.) (Entered: 01/10/2018) |
| 02/05/2018 | 31 (3 pgs) | Trustee's Motion to Dismiss Case : *Notice and Motion to Dismiss Chapter 13 Case/No Hearing Required*. (Curry (TR), Nancy) (Entered: 02/05/2018) |
| 02/16/2018 | 32 (2 pgs) | Opposition to (related document(s): 31 Trustee's Motion to Dismiss Case) Filed by Debtor Yvonne G Stewart (Casey, Tate) (Entered: 02/16/2018) |
| 02/16/2018 | 33 | Hearing Set (RE: related document(s)31 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for 3/5/2018 at 10:30 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Johnson, Tina R.) (Entered: 02/16/2018) |
| 03/01/2018 | 34 (10 pgs) | Amended Chapter 13 Plan Filed by Debtor Yvonne G Stewart (RE: related document(s)2    Chapter 13 Plan (LBR F3015-1) Filed by Debtor Yvonne G Stewart.). (Casey, Tate) (Entered: 03/01/2018) |
| 03/02/2018 | 35 (3 pgs) | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money Security Liens on Personal Property Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 03/02/2018) |
| 03/21/2018 | 36 (5 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Trustee's Motion to Dismiss Chapter 13 Case with Proof of Service* Filed by Trustee Nancy K Curry (TR) (RE: related document(s)31 Trustee's Motion to Dismiss Case : *Notice and Motion to Dismiss Chapter 13 Case/No Hearing Required*. (Curry (TR), Nancy)). (Curry (TR), Nancy) (Entered: 03/21/2018) |
| 03/21/2018 | 37 (3 pgs) | Declaration re: *Declaration of Masako Okuda Regarding Debtor's Compliance with Court's Directive* Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 03/21/2018) |
| 03/29/2018 | 38 (1 pg) | Order Denying Trustee's motion to dismiss Chapter 13 case "for additional information refer to image" (BNC-PDF) (Related Doc # 31 ) Signed on 3/29/2018 (Johnson, Tina R.) (Entered: 03/29/2018) |
| 03/31/2018 | 39 (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)38 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/31/2018. (Admin.) (Entered: 03/31/2018) |
| 04/16/2018 | 40 (6 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: WESTLAKE FINANCIAL SERVICES (Claim No. 6) To Peritus Portfolio Ser II, LLC|Cavalry SPV I,LLC Fee Amount $25 To Peritus Portfolio Ser II, LLC|Cavalry SPV I,LLCPO BOX 141419Irving, Tx 75014-1419 Filed by Creditor Peritus Portfolio Ser II, LLC|Cavalry SPV I,LLC. (Yarbrough, Georgina) (Entered: 04/16/2018) |
| 04/16/2018 | | Receipt of Transfer of Claim (Fee)(2:17-bk-12185-VZ) [claims,trclm] ( 25.00) Filing Fee. Receipt number 46829860. Fee amount 25.00. (re: Doc# 40) (U.S. Treasury) (Entered: 04/16/2018) |
| 04/18/2018 | 41 (2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)40 Transfer of Claim (Fee) filed by Creditor Peritus Portfolio Ser II, LLC|Cavalry SPV I,LLC) No. of Notices: 0. Notice Date 04/18/2018. (Admin.) (Entered: 04/18/2018) |
| 05/06/2018 | 42 (3 pgs) | Declaration Setting Forth Postpetition, Preconfirmation Payments On: 1. Deeds of Trust (or Mortgages), 2. Leases of Personal Property; 3. Purchase Money |

| | | |
|---|---|---|
| | | Security liens on Personal Property Filed by Debtor Yvonne G Stewart. (Casey, Tate) (Entered: 05/06/2018) |
| 05/15/2018 | 43 (3 pgs) | Notice of lodgment of proposed order confirming chapter 13 plan (Curry (TR), Nancy) (Entered: 05/15/2018) |
| 05/17/2018 | 44 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)43 Notice of Lodgment of Order Confirming Chapter 13 Plan (Auto)) No. of Notices: 1. Notice Date 05/17/2018. (Admin.) (Entered: 05/17/2018) |
| 05/18/2018 | 45 (3 pgs) | Order Granting Confirming Chapter 13 Plan (BNC-PDF) Signed on 5/18/2018 (RE: related document(s)8 Meeting (AutoAssign Chapter 13), 34 Amended Chapter 13 Plan filed by Debtor Yvonne G Stewart). (Jones, Phyllis R.) (Entered: 05/18/2018) |
| 05/20/2018 | 46 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)45 Order Confirming Chapter 13 Plan (BNC-PDF)) No. of Notices: 1. Notice Date 05/20/2018. (Admin.) (Entered: 05/20/2018) |
| 06/22/2018 | 47 (3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Wells Fargo Bank, N.A. (Claim No. 3) To Wilmington Trust, National Association, Fee Amount $25 To Wilmington Trust, National Association, Fay Servicing, LLC 3000 Kellway Dr. Ste 150 Carrollton, TX 75006 Filed by Creditor Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2016-1. (Parmar, Dipika) (Entered: 06/22/2018) |
| 06/22/2018 | | Receipt of Transfer of Claim (Fee)(2:17-bk-12185-VZ) [claims,trclm] ( 25.00) Filing Fee. Receipt number 47226637. Fee amount 25.00. (re: Doc# 47) (U.S. Treasury) (Entered: 06/22/2018) |
| 06/24/2018 | 48 (2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)47 Transfer of Claim (Fee) filed by Creditor Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2016-1) No. of Notices: 1. Notice Date 06/24/2018. (Admin.) (Entered: 06/24/2018) |
| 07/26/2018 | 49 (3 pgs) | Notice of intent to pay claims *with proof of service*. (Curry (TR), Nancy) (Entered: 07/26/2018) |
| 10/03/2018 | 50 (3 pgs) | Trustee's Motion to Dismiss Case *Because of Delinquent Plan Payments*. (Curry (TR), Nancy) (Entered: 10/03/2018) |
| 10/03/2018 | 51 | Hearing Set (RE: related document(s)50 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for 1/7/2019 at 10:30 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Jones, Phyllis R.) (Entered: 10/03/2018) |
| 12/24/2018 | 52 (2 pgs) | Opposition to (related document(s): 50 Trustee's Motion to Dismiss Case) Filed by Debtor Yvonne G Stewart (Casey, Tate) (Entered: 12/24/2018) |
| 01/08/2019 | 53 (1 pg) | ORDER and Notice of dismissal arising from Motion to dismiss chapter 13 (11 U.S.C. Section 1307) - **Debtor** Dismissed.(BNC) (RE: related document(s)8 Meeting (AutoAssign Chapter 13), 22 Motion for Relief from Stay - Real Property filed by Creditor Ditech Financial LLC, 31 Trustee's Motion to Dismiss Case (batch), 50 Trustee's Motion to Dismiss Case (batch)) (Johnson, Tina R.) (Entered: 01/08/2019) |

| 01/10/2019 | <u>54</u><br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)<u>53</u> ORDER and Notice of Dismissal arising from Motion to dism Ch 13 (11 U.S.C. Section 1307) (BNC)) No. of Notices: 10. Notice Date 01/10/2019. (Admin.) (Entered: 01/10/2019) |
| --- | --- | --- |
| 04/04/2019 | <u>55</u><br>(6 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted *with proof of service* Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 04/04/2019) |
| 05/07/2019 | <u>56</u><br>(2 pgs) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) *with proof of service* Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 05/07/2019) |
| 05/07/2019 | <u>57</u><br>(4 pgs) | Chapter 13 Trustee's Final Report and Account . (Curry (TR), Nancy) (Entered: 05/07/2019) |
| 05/08/2019 | 58 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Ly, Lynn) (Entered: 05/08/2019) |

# EXHIBIT D(2)
## 2019 Case: Payment History

**PRINT INQUIRY**                                          Close Window                          Click Here to Print this Page 🖨

| 6:19-bk-18155-SY | YVONNE GIOVANNA STEWART (xxx-xx-9596) | TAFT • CA • 93268 | $1,910.00 MO | Bar Date(s): | 11/25/2019 (has passed) 3/16/2020 (has passed) |
|---|---|---|---|---|---|
| | | | | Confirmed: | 12/10/2019 |
| | Trustee: Rod Danielson | Attorney: HESTON & HESTON, ATTORNEYS AT LAW | | Case Status: | DISMISSED AFTER CONFIRMATION (4/27/2022) |

## Debtor Pay Schedules

| Start Date | Number Periods | Amount | How Often | Who's Paying | Order Date | Action |
|---|---|---|---|---|---|---|
| 10/16/2019 | 2.00 | $1,060.00 | MONTHLY | YVONNE GIOVANNA STEWART | | None |
| 12/16/2019 | 22.00 | $1,570.00 | MONTHLY | YVONNE GIOVANNA STEWART | | None |
| 10/16/2021 | end of plan | $1,910.00 | MONTHLY | YVONNE GIOVANNA STEWART | | None |

**Forgive Information**

| Date | Amount | Description |
|---|---|---|
| | | |

**Breakdown for Combined Schedules**

| Period | Date (Month/Year) | Payment Due | Payment Received | Forgive Amount | Amount Due |
|---|---|---|---|---|---|
| 1 | 10/2019 | $1,060.00 | $819.00 | | $241.00 |
| 2 | 11/2019 | $1,060.00 | | | $1,301.00 |
| 3 | 12/2019 | $1,570.00 | $2,700.00 | | $171.00 |
| 4 | 1/2020 | $1,570.00 | $1,570.00 | | $171.00 |
| 5 | 2/2020 | $1,570.00 | $1,570.00 | | $171.00 |
| 6 | 3/2020 | $1,570.00 | $1,570.00 | | $171.00 |
| 7 | 4/2020 | $1,570.00 | $1,570.00 | | $171.00 |
| 8 | 5/2020 | $1,570.00 | $1,600.00 | | $141.00 |
| 9 | 6/2020 | $1,570.00 | $1,600.00 | | $111.00 |
| 10 | 7/2020 | $1,570.00 | | | $1,681.00 |
| 11 | 8/2020 | $1,570.00 | $1,600.00 | | $1,651.00 |
| 12 | 9/2020 | $1,570.00 | $1,600.00 | | $1,621.00 |
| 13 | 10/2020 | $1,570.00 | $1,600.00 | | $1,591.00 |
| 14 | 11/2020 | $1,570.00 | $1,600.00 | | $1,561.00 |
| 15 | 12/2020 | $1,570.00 | $1,600.00 | | $1,531.00 |
| 16 | 1/2021 | $1,570.00 | | | $3,101.00 |
| 17 | 2/2021 | $1,570.00 | $1,570.00 | | $3,101.00 |
| 18 | 3/2021 | $1,570.00 | $4,710.00 | | ($39.00) |
| 19 | 4/2021 | $1,570.00 | $1,570.00 | | ($39.00) |
| 20 | 5/2021 | $1,570.00 | | | $1,531.00 |
| 21 | 6/2021 | $1,570.00 | $3,100.00 | | $1.00 |
| 22 | 7/2021 | $1,570.00 | | | $1,571.00 |
| 23 | 8/2021 | $1,570.00 | $1,570.00 | | $1,571.00 |
| 24 | 9/2021 | $1,570.00 | | | $3,141.00 |
| 25 | 10/2021 | $1,910.00 | $3,142.00 | | $1,909.00 |
| 26 | 11/2021 | $1,910.00 | $1,900.00 | | $1,919.00 |
| 27 | 12/2021 | $1,910.00 | | | $3,829.00 |
| 28 | 1/2022 | $1,910.00 | $1,900.00 | | $3,839.00 |
| 29 | 2/2022 | $1,910.00 | | | $5,749.00 |
| 30 | 3/2022 | $1,910.00 | $2,200.00 | | $5,459.00 |
| 31 | (Closed: 4/22) 4/2022 | $1,910.00 | $1,100.00 | | $6,269.00 |

**Total Delinquent Amount: $6,269.00**

# EXHIBIT D(3)
January 2023 Case Docket

RepeatPACER, Pln13F, Repeat-cacb, Incomplete, DISMISSED

## U.S. Bankruptcy Court
### Central District of California (Riverside)
### Bankruptcy Petition #: 6:23-bk-10196-SY

*Date filed:*  01/20/2023
*Debtor dismissed:*  02/07/2023
*341 meeting:*  02/22/2023

*Assigned to:* Scott H. Yun
Chapter 13
Voluntary
Asset

*Debtor disposition:*  Dismissed for Failure to File
Information

***Debtor***
**Yvonne Giovanna Stewart**
412 Naylor Ave
Taft, CA 93268-4223
KERN-CA
SSN / ITIN: xxx-xx-9596

represented by **Benjamin Heston**
100 Bayview Circle, Suite 100
Newport Beach, CA 92660
951-290-2827
Fax : 949-288-2054
Email: bhestonecf@gmail.com

***Trustee***
**Rod Danielson (TR)**
3787 University Avenue
Riverside, CA 92501
(951) 826-8000

***U.S. Trustee***
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 01/20/2023 | <u>1</u><br>(11 pgs; 2 docs) | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Yvonne Giovanna Stewart Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 02/3/2023. Schedule A/B: Property (Form 106A/B or 206A/B) due 02/3/2023. Schedule C: The Property You Claim as Exempt (Form 106C) due 02/3/2023. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 02/3/2023. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 02/3/2023. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 02/3/2023. Schedule H: Your Codebtors (Form 106H or 206H) due 02/3/2023. Schedule I: Your Income (Form 106I) due 02/3/2023. Schedule J: Your Expenses (Form 106J) due 02/3/2023. Declaration About an Individual Debtors Schedules (Form 106Dec) due 02/3/2023. Statement of Financial Affairs (Form 107 or 207) due 02/3/2023. Chapter 13 Plan (LBR F3015-1) due by 02/3/2023. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 02/3/2023. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 02/3/2023. Incomplete Filings due by 02/3/2023. (Heston, Benjamin) See docket entry number 5 for corrective action. Case also deficient for Employment Income due 2/3/2023; Statement of Related Cases due 2/3/2023; Disclosure of |

| | | |
|---|---|---|
| | | Compensation of Attorney due 2/3/2023. Modified on 1/20/2023 (LD). (Entered: 01/20/2023) |
| 01/20/2023 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Yvonne Giovanna Stewart. (Heston, Benjamin) (Entered: 01/20/2023) |
| 01/20/2023 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Yvonne Giovanna Stewart. (Heston, Benjamin) (Entered: 01/20/2023) |
| 01/20/2023 | | Receipt of Voluntary Petition (Chapter 13)( 6:23-bk-10196) [misc,volp13] ( 313.00) Filing Fee. Receipt number A55063300. Fee amount 313.00. (re: Doc# 1 ) (U.S. Treasury) (Entered: 01/20/2023) |
| 01/20/2023 | 4 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 2/22/2023 at 09:00 AM at TR 13, VIDEO CONFERENCE. GOTO TRUSTEE WEBSITE FOR INSTRUCTIONS. Confirmation hearing to be held on 3/28/2023 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. Proofs of Claims due by 3/31/2023. (Scheduled Automatic Assignment, shared account) (Entered: 01/20/2023) |
| 01/20/2023 | 5 | Notice to Filer of Error and/or Deficient Document **Petition was filed as incomplete, but additional schedules or statements are deficient. THE FILER IS INSTRUCTED TO FILE THE DEFICIENT DOCUMENTS.** (RE: related document(s)1      Voluntary Petition (Chapter 13) filed by Debtor Yvonne Giovanna Stewart) (LD) (Entered: 01/20/2023) |
| 01/20/2023 | 6 (1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Yvonne Giovanna Stewart) (LD) (Entered: 01/20/2023) |
| 01/22/2023 | 7 (5 pgs) | BNC Certificate of Notice (RE: related document(s)4      Meeting (AutoAssign Chapter 13)) No. of Notices: 5. Notice Date 01/22/2023. (Admin.) (Entered: 01/22/2023) |
| 01/22/2023 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1      Voluntary Petition (Chapter 13) filed by Debtor Yvonne Giovanna Stewart) No. of Notices: 1. Notice Date 01/22/2023. (Admin.) (Entered: 01/22/2023) |
| 01/22/2023 | 9 (2 pgs) | BNC Certificate of Notice (RE: related document(s)6 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 01/22/2023. (Admin.) (Entered: 01/22/2023) |
| 01/23/2023 | | Notice of Debtor's Prior Filings for debtor Yvonne Giovanna Stewart Case Number 17-12185, Chapter 13 filed in California Central Bankruptcy on 02/24/2017 , Dismissed for Other Reason on 01/08/2019; Case Number 19-18155, Chapter 13 filed in California Central Bankruptcy on 09/16/2019 , Dismissed for failure to make plan payments on 04/27/2022.(Admin) (Entered: 01/23/2023) |
| 01/25/2023 | 10 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Treder, Edward. (Treder, Edward) (Entered: 01/25/2023) |
| 01/25/2023 | 11 (15 pgs) | Chapter 13 Plan (LBR F3015-1). Filed by Debtor Yvonne Giovanna Stewart (RE: related document(s)1      Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Yvonne Giovanna Stewart Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 02/3/2023. Schedule A/B: Property (Form 106A/B or 206A/B) due 02/3/2023. Schedule C: The Property You Claim as Exempt (Form 106C) due 02/3/2023. Schedule D: Creditors Who Have Claims |

| | | |
|---|---|---|
| | | Schedule G: Property (Form 106D or 206D) due 02/3/2023. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 2/3/2023. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 02/3/2023. Schedule H: Your Codebtors (Form 106H or 206H) due 02/3/2023. Schedule I: Your Income (Form 106I) due 02/3/2023. Schedule J: Your Expenses (Form 106J) due 02/3/2023. Declaration About an Individual Debtors Schedules (Form 106Dec) due 2/3/2023. Statement of Financial Affairs (Form 107 or 207) due 02/3/2023. Chapter 13 Plan (LBR F3015-1) due by 02/3/2023. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 02/3/2023. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 02/3/2023. Incomplete Filings due by 02/3/2023. (Heston, Benjamin) See docket entry number 5 for corrective action. Case also deficient for Employment Income due 2/3/2023; Statement of Related Cases due 2/3/2023; Disclosure of Compensation of Attorney due 2/3/2023. Modified on 1/20/2023 (LD).). (Heston, Benjamin) (Entered: 01/25/2023) |
| 01/25/2023 | 12<br>(19 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Yvonne Giovanna Stewart. (Heston, Benjamin) (Entered: 01/25/2023) |
| 01/31/2023 | 13<br>(5 pgs) | Statement Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) (Entered: 01/31/2023) |
| 02/01/2023 | 14<br>(5 pgs) | Chapter 13 Trustee's Notice of Requirements Filed by Trustee Rod Danielson (TR). (Danielson (TR), Rod) (Entered: 02/01/2023) |
| 02/01/2023 | 15<br>(9 pgs) | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 9061 Evonvale Drive, Corona, CA 92883-5906 . Fee Amount $188, Filed by Debtor Yvonne Giovanna Stewart (Heston, Benjamin) (Entered: 02/01/2023) |
| 02/01/2023 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay( 6:23-bk-10196-SY) [motion,nmis] ( 188.00) Filing Fee. Receipt number A55105393. Fee amount 188.00. (re: Doc# 15) (U.S. Treasury) (Entered: 02/01/2023) |
| 02/02/2023 | 16 | Hearing Set (RE: related document(s)15    Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Yvonne Giovanna Stewart) The Hearing date is set for 2/15/2023 at 09:30 AM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (SM6) (Entered: 02/02/2023) |
| 02/03/2023 | 17<br>(58 pgs) | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) Filed by Debtor Yvonne Giovanna Stewart (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Heston, Benjamin) See docket entry number 20 for corrective action. Modified on 2/6/2023 (LD). (Entered: 02/03/2023) |
| 02/04/2023 | 18<br>(18 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Yvonne Giovanna Stewart (RE: related document(s)1    Voluntary Petition (Chapter 13)). (Heston, Benjamin) See docket entry number 21 for corrective action. Modified on 2/6/2023 (LD). (Entered: 02/04/2023) |
| 02/04/2023 | 19<br>(6 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Yvonne Giovanna Stewart. (Heston, Benjamin) (Entered: 02/04/2023) |

| | | |
|---|---|---|
| 02/06/2023 | 20 | Notice to Filer of Error and/or Deficient Document **Document filed without holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES. Incorrect docket events was used to file this document - not all docket events used to file all schedules attached THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENTS.** (RE: related document(s)17    Summary of Assets and Liabilities (Official Form 106Sum or 206Sum) filed by Debtor Yvonne Giovanna Stewart) (LD) (Entered: 02/06/2023) |
| 02/06/2023 | 21 | Notice to Filer of Error and/or Deficient Document **Document filed without holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)18    Declaration by Debtor as to Whether Db Received Income From an Employer (LBR Form F1002-1) filed by Debtor Yvonne Giovanna Stewart) (LD) (Entered: 02/06/2023) |
| 02/07/2023 | 22 (60 pgs) | Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) , Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years, Disposable Income Is Determined (Official Form 122C-1) , Chapter 13 Calculation of Your Disposable Income (Official Form 122C-2) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) , Statement of Related Cases (LBR Form 1015-2.1) Filed by Debtor Yvonne Giovanna Stewart. (Heston, Benjamin) (Entered: 02/07/2023) |
| 02/07/2023 | 23 (18 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Yvonne Giovanna Stewart. (Heston, Benjamin) (Entered: 02/07/2023) |
| 02/07/2023 | 24 (6 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys *with holographic signature* Filed by Debtor Yvonne Giovanna Stewart. (Heston, Benjamin) (Entered: 02/07/2023) |
| 02/07/2023 | 25 | Notice to Filer of Error and/or Deficient Document **Document filed without Holographic signature of Debtor. Signatures are unreadable and or Missing. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER HOLOGRAPHIC SIGNATURES. Case remains deficient for : Declaration Re: Schedules; Statement of Financial Affairs; Form 122C-1; Form 122C-2; Statement of Related Cases and Employment Income Records with Pay Stubs.** (RE: related document(s)22    Schedule A/B: Property (Official Form 106A/B or 206A/B) filed by Debtor Yvonne Giovanna Stewart, Schedule C: The Property You Claimed as Exempt (Official Form 106C), Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D), Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106F or 206F), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Schedule I: Your Income (Official Form 106I), Schedule J: Your Expenses (Official Form 106J), Summary of Assets and Liabilities (Official Form 106Sum or 206Sum), Declaration About an Individual Debtor's Schedules (Official Form 106Dec), Statement of Financial Affairs (Official Form 107 or 207) (Official Form 107 or 207), Chapter 13 Statement of Monthly Your Monthly |

| | | Income (Official Forms 122C-1), Chapter 13 Calculation of Disposable Income (Official Form 122C-2), Disclosure of Compensation of Atty for Debtor (Official Form 2030), Statement of Related Cases (LBR Form 1015-2.1), 23 Declaration by Debtor as to Whether Db Received Income From an Employer (LBR Form F1002-1) filed by Debtor Yvonne Giovanna Stewart) (RS) (Entered: 02/07/2023) |
|---|---|---|
| 02/07/2023 | 26 (1 pg) | Order and Notice of Dismissal for Failure to File Schedules, Statements, and/or Plan - DEBTOR Dismissed (BNC) (AG ) (Entered: 02/07/2023) |
| 02/07/2023 | 27 (2 pgs) | Motion to Extend Deadline to File Schedules or Provide Required Information, and/or Plan (Case Opening Documents) Filed by Debtor Yvonne Giovanna Stewart (Heston, Benjamin) (Entered: 02/07/2023) |
| 02/08/2023 | 28 (1 pg) | Order Denying Motion To Extend Deadline to File Schedules or Provide Required Information, and/or Plan (Case Opening Documents) (BNC-PDF) (Related Doc #27) Signed on 2/8/2023. (SM6) (Entered: 02/08/2023) |
| 02/09/2023 | 29 (4 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod) (Entered: 02/09/2023) |
| 02/09/2023 | 30 (3 pgs) | BNC Certificate of Notice (RE: related document(s)26    ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (CACB AutoDismiss) (BNC)) No. of Notices: 4. Notice Date 02/09/2023. (Admin.) (Entered: 02/09/2023) |
| 02/10/2023 | 31 (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)28 Order on Motion to Extend Deadline to File Schedules and/or Plan (Case Opening Documents - All Chapters) (BNC-PDF)) No. of Notices: 1. Notice Date 02/10/2023. (Admin.) (Entered: 02/10/2023) |
| 02/15/2023 | 32 (1 pg) | Document, Hearing Held - DENIED AS MOOT - (RE: related document(s)15 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Yvonne Giovanna Stewart) (SM6) (Entered: 02/15/2023) |
| 02/16/2023 | 33 (3 pgs) | Order Denying Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF) (Related Doc # 15    ). Signed on 2/16/2023 (SM6) (Entered: 02/16/2023) |
| 02/18/2023 | 34 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)33 Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 02/18/2023. (Admin.) (Entered: 02/18/2023) |

1
2
3
4
5
6
7
8
9
10
11
12

# EXHIBIT D(4)
Debtor's Proof of Recent Income

16
17
18
19
20
21
22
23
24
25
26
27
28



# INDEPENDENT CONTRACTOR EARNINGS STATEMENT

DATE ISSUED:
**02/12/2023**
EARNING PERIOD:
**02/01/2023 to 02/12/2023**

ISSUER NAME**:**
**TWOMAGNETS INC. D.B.A. CLIPBOARD HEALTH**
ISSUER ADDRESS:
**340 S LEMON AVE #5028**
**Walnut, CA 91789**
ISSUER PHONE:
**+1 (415) 508 8339**

VENDOR NAME**:**
**Yvonne Stewart**
VENDOR ADDRESS**:**
**6700 Sepulveda Blvd, Van Nuys, CA 91411, USA**

| EARNINGS SUMMARY | |
|---|---|
| **Services Provided** | **1099 Hourly Payment** |
| **Average Rate** | **US$ 35.89** |
| **Total Hours** | **16.22** |
| **Total Gross Pay** | **US$ 582.16** |
| **Total Taxes Deductions** | **US$ 0.00** |
| **Total Net Pay** | **US$ 582.16** |

*Vendor is exclusively responsible for all Social Security, self-employment, and income taxes, disability insurance, workers' compensation insurance, any other statutory benefits otherwise required to be provided to employees, and all fees and licenses, if any*



# INDEPENDENT CONTRACTOR EARNINGS STATEMENT

DATE ISSUED:
**02/01/2023**
EARNING PERIOD:
**01/01/2023 to 02/01/2023**

ISSUER NAME**:**
**TWOMAGNETS INC. D.B.A. CLIPBOARD HEALTH**
ISSUER ADDRESS:
**340 S LEMON AVE #5028**
**Walnut, CA 91789**
ISSUER PHONE:
**+1 (415) 508 8339**

VENDOR NAME**:**
**Yvonne Stewart**
VENDOR ADDRESS**:**
**9061 Evonvale Dr, Corona, CA 92883, USA**

| EARNINGS SUMMARY | |
| --- | --- |
| **Services Provided** | **1099 Hourly Payment** |
| **Average Rate** | **US$ 45.21** |
| **Total Hours** | **53.85** |
| **Total Gross Pay** | **US$ 2434.66** |
| **Total Taxes Deductions** | **US$ 0.00** |
| **Total Net Pay** | **US$ 2434.66** |

*Vendor is exclusively responsible for all Social Security, self-employment, and income taxes, disability insurance, workers' compensation insurance, any other statutory benefits otherwise required to be provided to employees, and all fees and licenses, if any*



# INDEPENDENT CONTRACTOR EARNINGS STATEMENT

DATE ISSUED:
**02/01/2023**
EARNING PERIOD:
**12/01/2022 to 12/31/2022**

ISSUER NAME**:**
**TWOMAGNETS INC. D.B.A. CLIPBOARD HEALTH**
ISSUER ADDRESS:
**340 S LEMON AVE #5028**
**Walnut, CA 91789**
ISSUER PHONE:
**+1 (415) 508 8339**

VENDOR NAME**:**
**Yvonne Stewart**
VENDOR ADDRESS**:**
**412 Naylor Ave, Taft, CA 93268, USA**

| EARNINGS SUMMARY | |
|---|---|
| **Services Provided** | **1099 Hourly Payment** |
| **Average Rate** | **US$ 38.61** |
| **Total Hours** | **98.44** |
| **Total Gross Pay** | **US$ 3801.18** |
| **Total Taxes Deductions** | **US$ 0.00** |
| **Total Net Pay** | **US$ 3801.18** |

*Vendor is exclusively responsible for all Social Security, self-employment, and income taxes, disability insurance, workers' compensation insurance, any other statutory benefits otherwise required to be provided to employees, and all fees and licenses, if any*

# CERIDIAN

| | | | |
|---|---|---|---|
| | Employee Name: | Yvonne C Bowen | Pay Date: | 2/17/2023 |
| | Employee #: | 246692 | Pay Period: | 1/29/2023 - 2/11/2023 |
| **Employer Name:** | Health Net of California Inc | Employee Address: | 412 Naylor Ave Taft, CA 93268 | Deposit Advice #: | 582808323 |
| **Employer Phone:** | 1-833-462-7547 | Pay Group: | Health Net of California, Inc. | Pay Frequency: | Bi-Weekly |
| **Employer Address:** | 7700 Forsyth Blvd St. Louis, MO 63105 | Pay Type: | Hourly | Pay Rate: | 20.9100 |
| | | | | Federal Filing Status: | Single |
| | | | | Federal 2c/Extra Withholding: | No/$0.00 |
| | | | | State Filing Status: | Single; Alt Code 01 (CA) |
| | | | | State Exemptions: | 3 (CA) |

| | Current 1/29/2023 - 2/11/2023 | | | YTD As of 2/11/2023 | |
|---|---|---|---|---|---|
| | Hours/Units | Rate | Amount | Hours/Units | Amount |
| **Earnings** | **202.68** | | **$1,918.60** | **875.66** | **$8,838.57** |
| OVERTIME | | | | 0.20 | $6.73 |
| REGULAR | 61.57 | 20.9100 | $1,287.36 | 238.52 | $4,987.39 |
| PTO | 15.92 | 20.9100 | $332.82 | 15.92 | $332.82 |
| HOLIDAY | | | | 40.00 | $836.40 |
| HOLIDAY WORKED | | | | 21.00 | $707.94 |
| HOLIDAY WRK OT | | | | 0.20 | $6.77 |
| LANGPREM | 61.57 | 1.6728 | $102.99 | 259.51 | $434.11 |
| LANGPREM OT | | | | 0.40 | $1.00 |
| SICK | 2.05 | 20.9100 | $42.87 | 39.99 | $836.06 |
| SHFT2WD NE | 4.62 | 1.6728 | $7.72 | 15.49 | $25.90 |
| SHFT2WD OT | | | | 2.00 | $5.02 |
| SHFT3WD NE | 35.00 | 2.0910 | $73.18 | 132.68 | $277.44 |
| SHFT3WD OT | | | | 4.00 | $12.54 |
| SHFT2WE NE | 1.42 | 2.0910 | $2.96 | 8.87 | $18.54 |
| SHFT3WE NE | 20.53 | 3.3456 | $68.70 | 81.48 | $272.62 |
| SHFT3WE OT | | | | 15.40 | $77.29 |
| **Memo Information** | | | **$57.56** | | **$265.15** |
| 401K MATCH | | | $57.56 | | $265.15 |
| **Pre-Tax Deductions** | | | **$357.97** | | **$1,548.31** |
| 401K % | | | $191.86 | | $883.87 |
| Health (Pre-Tax) | | | $148.73 | | $594.92 |
| Vision (Pre-Tax) | | | $3.35 | | $13.40 |
| Dental (Pre-Tax) | | | $10.19 | | $40.76 |
| Med Spending | | | $3.84 | | $15.36 |
| **Taxes** | | | **$282.26** | | **$1,418.79** |
| Fed W/H | | | $114.85 | | $585.13 |
| FICA EE | | | $108.66 | | $506.80 |
| Fed MWT EE | | | $25.41 | | $118.52 |
| CA W/H | | | $17.56 | | $134.77 |
| CA DT EE | | | $15.78 | | $73.57 |
| **Post-Tax Deductions** | | | **$55.33** | | **$257.95** |
| AD&D | | | $2.17 | | $8.68 |
| Additional Life | | | $33.97 | | $135.88 |
| United Way | | | | | $25.00 |
| ESPP% | | | $19.19 | | $88.39 |
| | Routing # | Account # | Amount | | Amount |
| **Net Pay** | | | **$1,223.04** | | **$5,613.52** |
| Direct Deposit | 322271724 | XXXXXXX0885 | $200.00 | | |
| Direct Deposit | 322271627 | XXXXX9227 | $1,023.04 | | |

| **Other Payroll Information** | | | |
|---|---|---|---|
| 401K/403B Match Eligible Earnings | $1,918.60 | 401K/403B Match Eligible Earnings YTD | $8,838.57 |
| Total Hours Worked | 61.57 | | |

| **Accruals & Balances** | | | | | |
|---|---|---|---|---|---|
| PTO Balance: | 53.02 Hours | PTO Accrued: | 5.54 Hours | PTO Taken: | 15.92 Hours |
| Float Balance: | 1.00 Days | | | | |
| Sick Balance: | 0.02 Hours | | | Sick Taken: | 2.05 Hours |

CERIDIAN

# CERIDIAN

| | | | | |
|---|---|---|---|---|
| **Employer Name:** | Health Net of California Inc | Employee Name: | Yvonne C Bokhart | Pay Date: | 1/6/2023 |
| | | **Employee #:** | 246692 | **Pay Period:** | 12/18/2022 - 12/31/2022 |
| | | **Employee Address:** | 412 Naylor Ave | **Deposit Advice #:** | 567499955 |
| **Employer Phone:** | 1-833-462-7547 | | Taft, CA 93268 | **Pay Frequency:** | Bi-Weekly |
| **Employer Address:** | 7700 Forsyth Blvd St. Louis, MO 63105 | **Pay Group:** | Health Net of California, Inc. | **Pay Rate:** | 20.9100 |
| | | **Pay Type:** | Hourly | **Federal Filing Status:** | Single |
| | | | | **Federal 2c/Extra Withholding:** | No/$0.00 |
| | | | | **State Filing Status:** | Single; Alt Code 01 (CA) |
| | | | | **State Exemptions:** | 3 (CA) |

| | Current 12/18/2022 - 12/31/2022 | | | YTD As of 12/31/2022 | |
|---|---|---|---|---|---|
| | **Hours/Units** | **Rate** | **Amount** | **Hours/Units** | **Amount** |
| **Earnings** | **253.15** | | **$2,531.07** | **253.15** | **$2,531.07** |
| REGULAR | 68.38 | 20.9100 | $1,429.90 | 68.38 | $1,429.90 |
| HOLIDAY | 24.00 | 20.9100 | $501.84 | 24.00 | $501.84 |
| HOLIDAY WORKED | 8.00 | 33.5937 | $268.75 | 8.00 | $268.75 |
| LANGPREM | 76.38 | 1.6728 | $127.77 | 76.38 | $127.77 |
| SHFT2WD NE | 4.00 | 1.6728 | $6.69 | 4.00 | $6.69 |
| SHFT2WD OT | 1.00 | 2.5092 | $2.51 | 1.00 | $2.51 |
| SHFT3WD NE | 39.37 | 2.0910 | $82.32 | 39.37 | $82.32 |
| SHFT3WD OT | 2.00 | 3.1365 | $6.27 | 2.00 | $6.27 |
| SHFT2WE NE | 3.00 | 2.0910 | $6.27 | 3.00 | $6.27 |
| SHFT3WE NE | 22.02 | 3.3456 | $73.66 | 22.02 | $73.66 |
| SHFT3WE OT | 5.00 | 5.0184 | $25.09 | 5.00 | $25.09 |
| **Memo Information** | | | **$75.93** | | **$75.93** |
| 401K MATCH | | | $75.93 | | $75.93 |
| **Pre-Tax Deductions** | | | **$419.22** | | **$419.22** |
| 401K % | | | $253.11 | | $253.11 |
| Health (Pre-Tax) | | | $148.73 | | $148.73 |
| Vision (Pre-Tax) | | | $3.35 | | $3.35 |
| Dental (Pre-Tax) | | | $10.19 | | $10.19 |
| Med Spending | | | $3.84 | | $3.84 |
| **Taxes** | | | **$435.10** | | **$435.10** |
| Fed W/H | | | $181.00 | | $181.00 |
| FICA EE | | | $146.63 | | $146.63 |
| Fed MWT EE | | | $34.29 | | $34.29 |
| CA W/H | | | $51.90 | | $51.90 |
| CA DT EE | | | $21.28 | | $21.28 |
| **Post-Tax Deductions** | | | **$86.45** | | **$86.45** |
| AD&D | | | $2.17 | | $2.17 |
| Additional Life | | | $33.97 | | $33.97 |
| United Way | | | $25.00 | | $25.00 |
| ESPP% | | | $25.31 | | $25.31 |
| | **Routing #** | **Account #** | **Amount** | | **Amount** |
| **Net Pay** | | | **$1,590.30** | | **$1,590.30** |
| Direct Deposit | 322271724 | XXXXXXX0885 | $200.00 | | |
| Direct Deposit | 322271627 | XXXXX9227 | $1,390.30 | | |

| **Other Payroll Information** | | | | |
|---|---|---|---|---|
| 401K/403B Match Eligible Earnings | $2,531.07 | 401K/403B Match Eligible Earnings YTD | | $2,531.07 |
| Total Hours Worked | 76.38 | | | |

| **Accruals & Balances** | |
|---|---|
| PTO Balance: | 46.78 Hours |
| Float Balance: | 0.00 Days |
| Sick Balance: | 0.00 Hours |

## C
CERIDIAN

# CERIDIAN

| | |
|---|---|
| **Employer Name:** | Health Net of California Inc |
| **Employer Phone:** | 1-833-462-7547 |
| **Employer Address:** | 7700 Forsyth Blvd St. Louis, MO 63105 |

| | |
|---|---|
| **Employee Name:** | Yvonne C Aguilar |
| **Employee #:** | 246692 |
| **Employee Address:** | 412 Naylor Ave Taft, CA 93268 |
| **Pay Group:** | Health Net of California, Inc. |
| **Pay Type:** | Hourly |

| | |
|---|---|
| **Pay Date:** | 1/20/2023 |
| **Pay Period:** | 1/1/2023 - 1/14/2023 |
| **Deposit Advice #:** | 572601025 |
| **Pay Frequency:** | Bi-Weekly |
| **Pay Rate:** | 20.9100 |
| **Federal Filing Status:** | Single |
| **Federal 2c/Extra Withholding:** | No/$0.00 |
| **State Filing Status:** | Single; Alt Code 01 (CA) |
| **State Exemptions:** | 3 (CA) |

| | Current 1/1/2023 - 1/14/2023 | | | YTD As of 1/14/2023 | |
|---|---|---|---|---|---|
| | **Hours/Units** | **Rate** | **Amount** | **Hours/Units** | **Amount** |
| **Earnings** | **211.30** | | **$1,948.15** | **464.44** | **$4,479.22** |
| OVERTIME | 0.20 | 33.6482 | $6.73 | 0.20 | $6.73 |
| REGULAR | 62.57 | 20.9100 | $1,308.27 | 130.95 | $2,738.17 |
| HOLIDAY | 8.00 | 20.9100 | $167.28 | 32.00 | $669.12 |
| HOLIDAY WORKED | 5.00 | 33.6482 | $168.24 | 13.00 | $436.99 |
| LANGPREM | 67.56 | 1.6728 | $113.02 | 143.94 | $240.79 |
| LANGPREM OT | 0.20 | 2.5092 | $0.50 | 0.20 | $0.50 |
| SHFT2WD NE | 4.00 | 1.6728 | $6.69 | 8.00 | $13.38 |
| SHFT2WD OT | | | | 1.00 | $2.51 |
| SHFT3WD NE | 32.32 | 2.0910 | $67.57 | 71.68 | $149.89 |
| SHFT3WD OT | | | | 2.00 | $6.27 |
| SHFT2WE NE | 3.25 | 2.0910 | $6.80 | 6.25 | $13.07 |
| SHFT3WE NE | 23.00 | 3.3456 | $76.95 | 45.02 | $150.61 |
| SHFT3WE OT | 5.20 | 5.0184 | $26.10 | 10.20 | $51.19 |
| **Memo Information** | | | **$58.44** | | **$134.37** |
| 401K MATCH | | | $58.44 | | $134.37 |
| **Pre-Tax Deductions** | | | **$360.93** | | **$780.15** |
| 401K % | | | $194.82 | | $447.93 |
| Health (Pre-Tax) | | | $148.73 | | $297.46 |
| Vision (Pre-Tax) | | | $3.35 | | $6.70 |
| Dental (Pre-Tax) | | | $10.19 | | $20.38 |
| Med Spending | | | $3.84 | | $7.68 |
| **Taxes** | | | **$289.17** | | **$724.27** |
| Fed W/H | | | $118.04 | | $299.04 |
| FICA EE | | | $110.48 | | $257.11 |
| Fed MWT EE | | | $25.84 | | $60.13 |
| CA W/H | | | $18.77 | | $70.67 |
| CA DT EE | | | $16.04 | | $37.32 |
| **Post-Tax Deductions** | | | **$55.62** | | **$142.07** |
| AD&D | | | $2.17 | | $4.34 |
| Additional Life | | | $33.97 | | $67.94 |
| United Way | | | | | $25.00 |
| ESPP% | | | $19.48 | | $44.79 |

| | Routing # | Account # | Amount | | Amount |
|---|---|---|---|---|---|
| **Net Pay** | | | **$1,242.43** | | **$2,832.73** |
| Direct Deposit | 322271724 | XXXXXXX0885 | $200.00 | | |
| Direct Deposit | 322271627 | XXXXX9227 | $1,042.43 | | |

---

| **Other Payroll Information** | | | | |
|---|---|---|---|---|
| 401K/403B Match Eligible Earnings | $1,948.15 | 401K/403B Match Eligible Earnings YTD | $4,479.22 | |
| Total Hours Worked | 67.77 | | | |

---

| **Accruals & Balances** | | | | |
|---|---|---|---|---|
| PTO Balance: | 57.86 Hours | PTO Accrued: | 57.86 Hours |
| Float Balance: | 1.00 Days | Float Accrued: | 1.00 Days |
| Sick Balance: | 40.00 Hours | Sick Accrued: | 40.00 Hours |



CERIDIAN

# CERIDIAN

| | | | | |
|---|---|---|---|---|
| **Employer Name:** | Health Net of California Inc | **Employee Name:** | Yvonne C Aguilar | **Pay Date:** 2/3/2023 |
| | | **Employee #:** | 246692 | **Pay Period:** 1/15/2023 - 1/28/2023 |
| | | **Employee Address:** | 412 Naylor Ave Taft, CA 93268 | **Deposit Advice #:** 577784802 |
| **Employer Phone:** | 1-833-462-7547 | **Pay Group:** | Health Net of California, Inc. | **Pay Frequency:** Bi-Weekly |
| **Employer Address:** | 7700 Forsyth Blvd St. Louis, MO 63105 | **Pay Type:** | Hourly | **Pay Rate:** 20.9100 |

| | |
|---|---|
| **Federal Filing Status:** | Single |
| **Federal 2c/Extra Withholding:** | No/$0.00 |
| **State Filing Status:** | Single; Alt Code 01 (CA) |
| **State Exemptions:** | 3 (CA) |

| | **Current** 1/15/2023 - 1/28/2023 | | | **YTD** As of 1/28/2023 | |
|---|---|---|---|---|---|
| | **Hours/Units** | **Rate** | **Amount** | **Hours/Units** | **Amount** |
| **Earnings** | **208.54** | | **$2,440.75** | **672.98** | **$6,919.97** |
| OVERTIME | | | | 0.20 | $6.73 |
| REGULAR | 46.00 | 20.9100 | $961.86 | 176.95 | $3,700.03 |
| HOLIDAY | 8.00 | 20.9100 | $167.28 | 40.00 | $836.40 |
| HOLIDAY WORKED | 8.00 | 33.8706 | $270.95 | 21.00 | $707.94 |
| HOLIDAY WRK OT | 0.20 | 33.8706 | $6.77 | 0.20 | $6.77 |
| LANGPREM | 54.00 | 1.6728 | $90.33 | 197.94 | $331.12 |
| LANGPREM OT | 0.20 | 2.5092 | $0.50 | 0.40 | $1.00 |
| SICK | 37.93 | 20.9100 | $793.19 | 37.94 | $793.19 |
| SHFT2WD NE | 2.87 | 1.6728 | $4.80 | 10.87 | $18.18 |
| SHFT2WD OT | 1.00 | 2.5092 | $2.51 | 2.00 | $5.02 |
| SHFT3WD NE | 26.00 | 2.0910 | $54.37 | 97.68 | $204.26 |
| SHFT3WD OT | 2.00 | 3.1365 | $6.27 | 4.00 | $12.54 |
| SHFT2WE NE | 1.20 | 2.0910 | $2.51 | 7.45 | $15.58 |
| SHFT3WE NE | 15.93 | 3.3456 | $53.31 | 60.95 | $203.92 |
| SHFT3WE OT | 5.20 | 5.0184 | $26.10 | 15.40 | $77.29 |
| **Memo Information** | | | **$73.22** | | **$207.59** |
| 401K MATCH | | | $73.22 | | $207.59 |
| **Pre-Tax Deductions** | | | **$410.19** | | **$1,190.34** |
| 401K % | | | $244.08 | | $692.01 |
| Health (Pre-Tax) | | | $148.73 | | $446.19 |
| Vision (Pre-Tax) | | | $3.35 | | $10.05 |
| Dental (Pre-Tax) | | | $10.19 | | $30.57 |
| Med Spending | | | $3.84 | | $11.52 |
| **Taxes** | | | **$412.26** | | **$1,136.53** |
| Fed W/H | | | $171.24 | | $470.28 |
| FICA EE | | | $141.03 | | $398.14 |
| Fed MWT EE | | | $32.98 | | $93.11 |
| CA W/H | | | $46.54 | | $117.21 |
| CA DT EE | | | $20.47 | | $57.79 |
| **Post-Tax Deductions** | | | **$60.55** | | **$202.62** |
| AD&D | | | $2.17 | | $6.51 |
| Additional Life | | | $33.97 | | $101.91 |
| United Way | | | | | $25.00 |
| ESPP% | | | $24.41 | | $69.20 |
| | **Routing #** | **Account #** | **Amount** | | **Amount** |
| **Net Pay** | | | **$1,557.75** | | **$4,390.48** |
| Direct Deposit | 322271724 | XXXXXXX0885 | $200.00 | | |
| Direct Deposit | 322271627 | XXXXX9227 | $1,357.75 | | |

| **Other Payroll Information** | | | |
|---|---|---|---|
| 401K/403B Match Eligible Earnings | $2,440.75 | 401K/403B Match Eligible Earnings YTD | $6,919.97 |
| Total Hours Worked | 54.20 | | |

| **Accruals & Balances** | | | | |
|---|---|---|---|---|
| PTO Balance: | 63.40 Hours | PTO Accrued: | 5.54 Hours | |
| Float Balance: | 1.00 Days | | | |
| Sick Balance: | 2.07 Hours | | Sick Taken: | 25.52 Hours |

CERIDIAN

# CERIDIAN

| | | | |
|---|---|---|---|
| **Employer Name:** | Health Net of California Inc | **Employee Name:** | Yvonne D Stewart |
| | | **Pay Date:** | 2/3/2023 |
| | | **Employee #:** | 246692 |
| | | **Pay Period:** | 1/15/2023 - 1/28/2023 |
| **Employer Phone:** | 1-833-462-7547 | **Employee Address:** | 412 Naylor Ave Taft, CA 93268 |
| **Employer Address:** | 7700 Forsyth Blvd St. Louis, MO 63105 | **Pay Group:** | Health Net of California, Inc. |
| | | **Deposit Advice #:** | 577784802 |
| | | **Pay Frequency:** | Bi-Weekly |
| | | **Pay Type:** | Hourly |
| | | **Pay Rate:** | 20.9100 |
| | | **Federal Filing Status:** | Single |
| | | **Federal 2c/Extra Withholding:** | No/$0.00 |
| | | **State Filing Status:** | Single; Alt Code 01 (CA) |
| | | **State Exemptions:** | 3 (CA) |

| Accruals & Balances |
|---|

**Supplemental Earnings Statement**

| Earnings | Begin Date | End Date | Hours/Units | Rate | Amount |
|---|---|---|---|---|---|
| SICK | 1/1/2023 | 1/14/2023 | 12.42 | 20.9100 | $259.64 |
| **Total Hours Paid** | | | **208.53** | | |

C
CERIDIAN

# CERIDIAN

| | | | |
|---|---|---|---|
| | **Employee Name:** | Yvonne C Bowen | **Pay Date:** | 12/9/2022 |
| **Employer Name:** | Health Net of California Inc | **Employee #:** | 246692 | **Pay Period:** | 11/20/2022 - 12/3/2022 |
| | | **Employee Address:** | 412 Naylor Ave | **Deposit Advice #:** | 556974571 |
| **Employer Phone:** | 1-833-462-7547 | | Taft, CA 93268 | **Pay Frequency:** | Bi-Weekly |
| | | **Pay Group:** | Health Net of California, Inc. | **Pay Rate:** | 20.9100 |
| **Employer Address:** | 7700 Forsyth Blvd St. Louis, MO 63105 | **Pay Type:** | Hourly | **Federal Filing Status:** | Single |
| | | | | **Federal 2c/Extra Withholding:** | No/$0.00 |
| | | | | **State Filing Status:** | Single; Alt Code 01 (CA) |
| | | | | **State Exemptions:** | 3 (CA) |

| | Current 11/20/2022 - 12/3/2022 | | | YTD As of 12/3/2022 | |
|---|---|---|---|---|---|
| | **Hours/Units** | **Rate** | **Amount** | **Hours/Units** | **Amount** |
| **Earnings** | **166.31** | | **$1,953.04** | **5,080.91** | **$49,756.07** |
| OVERTIME | | | | 16.80 | $530.66 |
| REGULAR | 37.10 | 20.9100 | $775.76 | 1,540.00 | $30,778.79 |
| ANNUAL BONUS CA | | | | | $3,107.70 |
| PTO | 24.00 | 20.9100 | $501.84 | 163.00 | $3,263.62 |
| DOUBLETIME | | | | 1.62 | $70.96 |
| HOLIDAY | 16.00 | 20.9100 | $334.56 | 88.00 | $1,749.31 |
| HOLIDAY WORKED | 5.00 | 33.4567 | $167.28 | 48.78 | $1,542.29 |
| KEY CONTRIBUT | | | | | $1,000.00 |
| LANGPREM | 42.11 | 1.6728 | $70.44 | 1,588.81 | $2,539.74 |
| LANGPREM DT | | | | 1.62 | $5.15 |
| LANGPREM OT | | | | 16.80 | $39.97 |
| MEAL PRD PREM | | | | 17.00 | $397.94 |
| SICK | | | | 56.00 | $1,093.85 |
| SHFT2WD NE | 3.15 | 1.6728 | $5.27 | 170.88 | $270.71 |
| SHFT2WD OT | | | | 23.51 | $55.32 |
| SHFT3WD DT | | | | 1.62 | $6.44 |
| SHFT3WD NE | 23.00 | 2.0910 | $48.09 | 766.38 | $1,537.32 |
| SHFT3WD OT | 5.00 | 3.1365 | $15.68 | 18.61 | $56.11 |
| SHFT2WE NE | 2.00 | 2.0910 | $4.18 | 76.77 | $152.03 |
| SHFT2WE OT | | | | 0.08 | $0.25 |
| SHFT3WE NE | 8.95 | 3.3456 | $29.94 | 454.35 | $1,455.95 |
| SHFT3WE OT | | | | 17.00 | $81.23 |
| SHFT1WE NE | | | | 13.28 | $20.73 |
| **Taxable Benefits** | | | **$35.00** | | **$35.00** |
| GIFT CERT - E | | | $35.00 | | $35.00 |
| **Memo Information** | | | **$58.59** | | **$1,399.44** |
| 401K MATCH | | | $58.59 | | $1,399.44 |
| **Pre-Tax Deductions** | | | **$342.70** | | **$9,964.51** |
| 401K % | | | $195.30 | | $6,279.51 |
| Health (Pre-Tax) | | | $132.84 | | $3,321.00 |
| Vision (Pre-Tax) | | | $3.35 | | $83.75 |
| Dental (Pre-Tax) | | | $7.37 | | $184.25 |
| Med Spending | | | $3.84 | | $96.00 |
| **Taxes** | | | **$321.52** | | **$8,686.83** |
| Fed W/H | | | $132.62 | | $4,090.52 |
| FICA EE | | | $114.12 | | $2,858.58 |
| Fed MWT EE | | | $26.69 | | $668.54 |
| CA W/H | | | $27.85 | | $562.02 |
| CA DT EE | | | $20.24 | | $507.17 |
| **Post-Tax Deductions** | | | **$75.15** | | **$4,782.40** |
| AD&D | | | $2.03 | | $50.75 |
| Additional Life | | | $19.60 | | $490.00 |
| United Way | | | | | $10.00 |
| 401K Loan | | | | | $2,948.48 |
| Loan 2 | | | $33.99 | | $849.75 |
| ESPP% | | | $19.53 | | $433.42 |

| **Accruals & Balances** | | | |
|---|---|---|---|



CERIDIAN

# CERIDIAN

| | |
|---|---|
| **Employer Name:** | Health Net of California Inc |
| **Employer Phone:** | 1-833-462-7547 |
| **Employer Address:** | 7700 Forsyth Blvd St. Louis, MO 63105 |

| | |
|---|---|
| **Employee Name:** | Yvonne B Stevens |
| **Employee #:** | 246692 |
| **Employee Address:** | 412 Naylor Ave Taft, CA 93268 |
| **Pay Group:** | Health Net of California, Inc. |
| **Pay Type:** | Hourly |

| | |
|---|---|
| **Pay Date:** | 12/9/2022 |
| **Pay Period:** | 11/20/2022 - 12/3/2022 |
| **Deposit Advice #:** | 556974571 |
| **Pay Frequency:** | Bi-Weekly |
| **Pay Rate:** | 20.9100 |
| **Federal Filing Status:** | Single |
| **Federal 2c/Extra Withholding:** | No/$0.00 |
| **State Filing Status:** | Single; Alt Code 01 (CA) |
| **State Exemptions:** | 3 (CA) |

| | Routing # | Account # | Amount | Amount |
|---|---|---|---|---|
| **Net Pay** | | | **$1,213.67** | **$26,322.33** |
| Direct Deposit | 322271724 | XXXXXXX0885 | $200.00 | |
| Direct Deposit | 322271627 | XXXXX9227 | $1,013.67 | |

### Other Payroll Information

| | | | |
|---|---|---|---|
| 401K/403B Match Eligible Earnings | $1,953.04 | 401K/403B Match Eligible Earnings YTD | $49,756.07 |
| Total Hours Worked | 42.10 | | |

### Accruals & Balances

| | | | | | |
|---|---|---|---|---|---|
| PTO Balance: | 41.24 Hours | PTO Accrued: | 5.54 Hours | PTO Taken: | 24.00 Hours |
| Float Balance: | 0.00 Days | | | | |
| Sick Balance: | 0.00 Hours | | | | |

# C
CERIDIAN

# CERIDIAN

|  |  |  |  |
|---|---|---|---|
| **Employer Name:** | Health Net of California Inc | **Employee Name:** | Yvonne C Scolari |
| **Employer Phone:** | 1-833-462-7547 | **Employee #:** | 246692 |
| **Employer Address:** | 7700 Forsyth Blvd St. Louis, MO 63105 | **Employee Address:** | 412 Naylor Ave Taft, CA 93268 |
|  |  | **Pay Group:** | Health Net of California, Inc. |
|  |  | **Pay Type:** | Hourly |

|  |  |
|---|---|
| **Pay Date:** | 12/23/2022 |
| **Pay Period:** | 12/4/2022 - 12/17/2022 |
| **Deposit Advice #:** | 562389644 |
| **Pay Frequency:** | Bi-Weekly |
| **Pay Rate:** | 20.9100 |
| **Federal Filing Status:** | Single |
| **Federal 2c/Extra Withholding:** | No/$0.00 |
| **State Filing Status:** | Single; Alt Code 01 (CA) |
| **State Exemptions:** | 3 (CA) |

| | Current 12/4/2022 - 12/17/2022 | | | YTD As of 12/17/2022 | |
|---|---|---|---|---|---|
| | **Hours/Units** | **Rate** | **Amount** | **Hours/Units** | **Amount** |
| **Earnings** | **232.50** | | **$1,942.96** | **5,313.41** | **$51,699.03** |
| OVERTIME | | | | 16.80 | $530.66 |
| REGULAR | 77.50 | 20.9100 | $1,620.53 | 1,617.50 | $32,399.32 |
| ANNUAL BONUS CA | | | | | $3,107.70 |
| PTO | | | | 163.00 | $3,263.62 |
| DOUBLETIME | | | | 1.62 | $70.96 |
| HOLIDAY | | | | 88.00 | $1,749.31 |
| HOLIDAY WORKED | | | | 48.78 | $1,542.29 |
| KEY CONTRIBUT | | | | | $1,000.00 |
| LANGPREM | 77.50 | 1.6728 | $129.64 | 1,666.31 | $2,669.38 |
| LANGPREM DT | | | | 1.62 | $5.15 |
| LANGPREM OT | | | | 16.80 | $39.97 |
| MEAL PRD PREM | | | | 17.00 | $397.94 |
| SICK | | | | 56.00 | $1,093.85 |
| SHFT2WD NE | 6.00 | 1.6728 | $10.04 | 176.88 | $280.75 |
| SHFT2WD OT | | | | 23.51 | $55.32 |
| SHFT3WD DT | | | | 1.62 | $6.44 |
| SHFT3WD NE | 42.00 | 2.0910 | $87.82 | 808.38 | $1,625.14 |
| SHFT3WD OT | | | | 18.61 | $56.11 |
| SHFT2WE NE | 3.00 | 2.0910 | $6.27 | 79.77 | $158.30 |
| SHFT2WE OT | | | | 0.08 | $0.25 |
| SHFT3WE NE | 26.50 | 3.3456 | $88.66 | 480.85 | $1,544.61 |
| SHFT3WE OT | | | | 17.00 | $81.23 |
| SHFT1WE NE | | | | 13.28 | $20.73 |
| **Taxable Benefits** | | | | | **$35.00** |
| GIFT CERT - E | | | | | $35.00 |
| **Memo Information** | | | **$58.29** | | **$1,457.73** |
| 401K MATCH | | | $58.29 | | $1,457.73 |
| **Pre-Tax Deductions** | | | **$341.70** | | **$10,306.21** |
| 401K % | | | $194.30 | | $6,473.81 |
| Health (Pre-Tax) | | | $132.84 | | $3,453.84 |
| Vision (Pre-Tax) | | | $3.35 | | $87.10 |
| Dental (Pre-Tax) | | | $7.37 | | $191.62 |
| Med Spending | | | $3.84 | | $99.84 |
| **Taxes** | | | **$306.49** | | **$8,993.32** |
| Fed W/H | | | $124.44 | | $4,214.96 |
| FICA EE | | | $111.32 | | $2,969.90 |
| Fed MWT EE | | | $26.03 | | $694.57 |
| CA W/H | | | $24.94 | | $586.96 |
| CA DT EE | | | $19.76 | | $526.93 |
| **Post-Tax Deductions** | | | **$72.78** | | **$4,855.18** |
| AD&D | | | $2.03 | | $52.78 |
| Additional Life | | | $19.60 | | $509.60 |
| United Way | | | | | $10.00 |
| 401K Loan | | | | | $2,948.48 |
| Loan 2 | | | $31.72 | | $881.47 |
| ESPP% | | | $19.43 | | $452.85 |

**Accruals & Balances**



CERIDIAN

# CERIDIAN

| | | |
|---|---|---|
| **Employer Name:** | Health Net of California Inc | |
| **Employer Phone:** | 1-833-462-7547 | |
| **Employer Address:** | 7700 Forsyth Blvd St. Louis, MO 63105 | |

| | |
|---|---|
| **Employee Name:** | Yvonne B Stewart |
| **Employee #:** | 246692 |
| **Employee Address:** | 412 Naylor Ave Taft, CA 93268 |
| **Pay Group:** | Health Net of California, Inc. |
| **Pay Type:** | Hourly |

| | |
|---|---|
| **Pay Date:** | 12/23/2022 |
| **Pay Period:** | 12/4/2022 – 12/17/2022 |
| **Deposit Advice #:** | 562389644 |
| **Pay Frequency:** | Bi-Weekly |
| **Pay Rate:** | 20.9100 |
| **Federal Filing Status:** | Single |
| **Federal 2c/Extra Withholding:** | No/$0.00 |
| **State Filing Status:** | Single; Alt Code 01 (CA) |
| **State Exemptions:** | 3 (CA) |

| | Routing # | Account # | Amount | Amount |
|---|---|---|---|---|
| **Net Pay** | | | **$1,221.99** | **$27,544.32** |
| Direct Deposit | 322271724 | XXXXXXX0885 | $200.00 | |
| Direct Deposit | 322271627 | XXXXX9227 | $1,021.99 | |

| **Other Payroll Information** | | | |
|---|---|---|---|
| 401K/403B Match Eligible Earnings | $1,942.96 | 401K/403B Match Eligible Earnings YTD | $51,699.03 |
| Total Hours Worked | 77.50 | | |

| **Accruals & Balances** | | | |
|---|---|---|---|
| PTO Balance: | 46.78 Hours | PTO Accrued: | 5.54 Hours |
| Float Balance: | 0.00 Days | | |
| Sick Balance: | 0.00 Hours | | |

CERIDIAN

**PERSONAL AND CHECK INFORMATION**

Yvonne Stewart
412 Noylor Avenue
Taft, CA 93260
Soc Sec #: xxx-xx-9596    Employee ID: 619

**Home Department:** 200 Hourly

**Pay Period:** 12/18/22 to 12/31/22
**Check Date:** 01/06/23    **Check #:** 12869

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 1744.07 | 1744.07 |
| **NET PAY** | **1744.07** | **1744.07** |

**EARNINGS**

| BASIS OF DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| Hourly | 58.0000 | 37.0000 | 2146.00 | 58.0000 | 2146.00 |
| Total Hours | 58.0000 | | | 58.0000 | |
| Gross Earnings | | | 2146.00 | | 2146.00 |
| Total Hrs Worked | 58.0000 | | | | |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 133.05 | 133.05 |
| Medicare | | 31.12 | 31.12 |
| Fed Income Tax | M 1 | 152.44 | 152.44 |
| CA Income Tax | SMI2 1 0 | 66.01 | 66.01 |
| CA Disability | | 19.31 | 19.31 |
| **TOTAL** | | 401.93 | 401.93 |

| | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| **NET PAY** | **1744.07** | **1744.07** |

*Payrolls by Paychex, Inc.*

**0942 1606-7289**   Conejo Valley Congregate Healthcare Inc • 1225 Lawrence Way • Oxnard CA  93035 • (818) 880-8600

CONEJO VALLEY CONGREGATE HEALTHCARE INC
1225 Lawrence Way
Oxnard CA 93035

No. 1259

| DATE | CHECK NO. |
|------|-----------|
| 01/20/2023 | Unknown |

EE ID: 619

PAY TO THE
ORDER OF

YVONNE STEWART
412 NOYLOR AVENUE
TAFT CA 93260

For Reference Purposes Only
**$762.47**

AMOUNT

VOID THIS IS NOT A CHECK ....................................... DOLLARS

**NON-NEGOTIABLE**

AUTHORIZED SIGNATURE(S)

Payrolls by Paychex, Inc.

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

FOLD AND REMOVE                                   FOLD AND REMOVE

---

**PERSONAL AND CHECK INFORMATION**

Yvonne Stewart
412 Noylor Avenue
Taft, CA 93260
Soc Sec #: xxx-xx-9596    Employee ID: 619

Home Department: 200 Hourly

Pay Period: 01/03/23 to 01/14/23
Check Date: 01/20/23    Check #: Unknown

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|-------------|-----------------|---------|
| Check Amount | 762.47 | 2506.54 |
| **NET PAY** | **762.47** | **2506.54** |

**EARNINGS**

| BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|--------------|-------------|-----------|------|-----------------|-----------|---------|
| | Hourly | | | | 58.0000 | 2146.00 |
| | Visit | 23.0000 | 37.0000 | 851.00 | 23.0000 | 851.00 |
| | Total Hours | 23.0000 | | | 81.0000 | |
| | Gross Earnings | | | 851.00 | | 2997.00 |
| | Total Hrs Worked | 23.0000 | | | | |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|-------------|---------------|-----------------|---------|
| Social Security | $52.76 | 52.76 | 185.81 |
| Medicare | $12.34 | 12.34 | 43.46 |
| Fed Income Tax | $11.64 | 11.64 | 164.08 |
| CA Income Tax | $4.13 | 4.13 | 70.14 |
| CA Disability | $7.66 | 7.66 | 26.97 |
| **TOTAL** | | 88.53 | 490.46 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---------|-----------------|---------|
| | 762.47 | 2506.54 |

Payrolls by Paychex, Inc.

0942 1606-7289   Conejo Valley Congregate Healthcare Inc • 1225 Lawrence Way • Oxnard CA 93035 • (818) 880-8600

**PERSONAL AND CHECK INFORMATION**

Yvonne Stewart
412 Naylor Avenue
Taft, CA 93260
Soc Soc #: xxx-xx-9596   **Employee ID:** 619

**Home Department:** 200 Hourly

**Pay Period:** 01/14/23 to 01/27/23
**Check Date:** 02/03/23   **Check #:** 12901
**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 2527.74 | 7605.56 |
| **NET PAY** | **2527.74** | **7605.56** |

**EARNINGS**

| DESCRIPTION | RATE OF PAY | HOURS | THIS PERIOD ($) | HOURS | YTD ($) |
|---|---|---|---|---|---|
| Hourly | 37.0000 | 88.2000 | 3263.40 | 236.1000 | 8735.70 |
| Visit | | | | 23.0000 | 851.00 |
| **Total Hours** | | 88.2000 | | 259.1000 | |
| **Gross Earnings** | | | 3263.40 | | 9586.70 |
| **Total Hrs Worked** | | 88.2000 | | | |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 202.34 | 594.38 |
| Medicare | | 47.32 | 139.01 |
| Fed Income Tax | M 1 | 286.53 | 744.69 |
| CA Income Tax | SMI2 1 0 | 170.10 | 416.78 |
| CA Disability | | 29.37 | 86.28 |
| **TOTAL** | | 735.66 | 1981.14 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | 2527.74 | 7605.56 |

Payrolls by Paychex, Inc.

**0942 1606-7289** Conejo Valley Congregate Healthcare Inc • 1225 Lawrence Way • Oxnard CA 93035 • (818) 880-8600

**PERSONAL AND CHECK INFORMATION**

Yvonne Stewart
412 Naylor Avenue
Taft, CA 932
Soc Sec #: xxx-xx-9596   Employee ID: 619

Home Department: 200 Hourly

Pay Period: 12/18/22 to 12/31/22
Check Date: 01/06/23   Check #: 12869

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 1/44.07 | 1744.07 |
| NET PAY | 1744.07 | 1744.07 |

**EARNINGS**

| DESCRIPTION | | | | THIS PERIOD ($) | | YTD ($) |
|---|---|---|---|---|---|---|
| Hourly | 58.0000 | 37.010 | | 2146.00 | 58.0000 | 2146.00 |
| Total Hours | 58.0000 | | | | 58.0000 | |
| Gross Earnings | | | | 2146.00 | | 2146.00 |
| Total Hrs Worked | 58.0000 | | | | | |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 133.05 | 133.05 |
| Medicare | | 31.12 | 31.12 |
| Fed Income Tax | M 1 | 152.44 | 152.44 |
| CA Income Tax | SMI2 1 0 | 66.01 | 66.01 |
| CA Disability | | 19.31 | 19.31 |
| | | | |
| TOTAL | | 401.93 | 401.93 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | 1744.07 | 1744.07 |

Payrolls by Paychex, Inc.

0942 1606-7289  Conejo Valley Congregate Healthcare Inc • 1225 Lawrence Way • Oxnard CA 93035 • (818) 880-8800

PAY TO THE
ORDER OF

YVONNE STEWART
412 NOYLOR AVENUE
TAFT CA 93260

For Reference Purposes Only
**$2571.28**

AMOUNT

VOID THIS IS NOT A CHECK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . DOLLARS

**NON-NEGOTIABLE**

AUTHORIZED SIGNATURE(S)

TO VERIFY AUTHENTICITY OF THIS DOCUMENT THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

FOLD AND REMOVE    FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**
Yvonne Stewart
412 Noylor Avenue
Taft, CA 93260
Soc Sec #: xxx-xx-9596    Employee ID: 619

Home Department: 200 Hourly

**Pay Period:** 01/14/23 to 01/27/23
**Check Date:** 02/03/23    **Check #:** Unknown
**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 2571.28 | 5077.82 |
| **NET PAY** | **2571.28** | **5077.82** |

| EARNINGS | BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| | | Hourly | 89.9000 | 37.0000 | 3326.30 | 147.9000 | 5472.30 |
| | | Visit | — | | | 23.0000 | 851.00 |
| | | Total Hours | 89.9000 | | | 170.9000 | |
| | | Gross Earnings | | | 3326.30 | | 6323.30 |
| | | Total Hrs Worked | 89.9000 | | | | |

| WITHHOLDINGS | DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|---|
| | Social Security | $206.23 | 206.23 | 392.04 |
| | Medicare | $48.23 | 48.23 | 91.69 |
| | Fed Income Tax | $294.08 | 294.08 | 458.16 |
| | CA Income Tax | $176.54 | 176.54 | 246.68 |
| | CA Disability | $29.94 | 29.94 | 56.91 |
| | **TOTAL** | | 755.02 | 1245.48 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | 2571.28 | 5077.82 |

CONEJO VALLEY CONGREGATE HEALTHCARE INC
1225 Lawrence Way
Oxnard CA 93035
EE ID: 619

| | | DATE | CHECK NO. |
|---|---|---|---|
| | | 02/17/2023 | 12920 |

PAY TO THE
ORDER OF

YVONNE STEWART
412 NOYLOR AVENUE
TAFT CA 93260

**$2012.28**

AMOUNT

TWO THOUSAND TWELVE AND 28/100 .................................... DOLLARS

MUFG UNION BANK, NA

AUTHORIZED SIGNATURE(S)

⑈00000129220⑈ ⑆122000496⑆ 0043940071⑈

TO VERIFY AUTHENTICITY OF THIS DOCUMENT, THE BACK CONTAINS HEAT SENSITIVE INK THAT CHANGES FROM BLUE TO CLEAR AND ALSO CONTAINS AN ARTIFICIAL WATERMARK WHICH CAN BE VIEWED WHEN HELD AT AN ANGLE

FOLD AND REMOVE                                                                                    FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**
Yvonne Stewart
412 Noylor Avenue
Taft, CA 93260
Soc Sec #: xxx-xx-9596   **Employee ID:** 619

Home Department: 200 Hourly

**Pay Period:** 01/30/23 to 02/12/23
**Check Date:** 02/17/23   **Check #:** 12920
**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 2012.28 | 9617.84 |
| **NET PAY** | **2012.28** | **9617.84** |

**EARNINGS**

| BASIS OF PAY | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|
| | Hourly | 68.2000 | 37.0000 | 2523.40 | 304.3000 | 11259.10 |
| | Visit | | | | 23.0000 | 851.00 |
| | **Total Hours** | 68.2000 | | | 327.3000 | |
| | **Gross Earnings** | | | 2523.40 | | 12110.10 |
| | **Total Hrs Worked** | 68.2000 | | | | |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 156.45 | 750.83 |
| Medicare | | 36.59 | 175.60 |
| Fed Income Tax | M 1 | 197.73 | 942.42 |
| CA Income Tax | SMI2 1 0 | 97.84 | 514.42 |
| CA Disability | | 22.71 | 108.99 |
| **TOTAL** | | 511.12 | 2492.26 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | **2012.28** | **9617.84** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**100 Bayview Circle, Suite 100
Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>2/21/2023</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)     notice-efile@rodan13.com
Benjamin Heston     bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Edward A Treder     cdcaecf@bdfgroup.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) <u>2/21/2023</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Judge Scott H. Yun
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>2/21/2023</u> | **Benjamin Heston** | **/s/Benjamin Heston** |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

**BAKERSFIELD HOMES, LLC**
1303 CALAVERAS PARK DR
BAKERSFIELD, CA 93311-5114

**BARRETT DAFFIN FRAPPIER
TURNER & ENGEL LLP**
4004 BELT LINE ROAD SUITE 100
ADDISON, TX 75001-4320

**CAPITAL ONE**
PO BOX 31293
SALT LAKE CTY, UT 84131-0293

**DISCOVER FINANCIAL
SERVICES**
PO BOX 30943
SALT LAKE CTY, UT 84130-0943

**EDFINANCIAL SERVICES**
120 N SEVEN OAKS DR
KNOXVILLE, TN 37922-2359

**ELITE COMMUNITY
MANAGMENT**
38760 SKY CANYON DR STE C
MURRIETA, CA 92563-2562

**ESCROW SERVICES, INC**
PO BOX 1512
MANDEVILLE, LA 70470-1512

**FAY SERVICING LLC**
PO BOX 814609
DALLAS, TX 75381-4609

**MIDLAND CREDIT
MANAGMENT**
PO BOX 939069
SAN DIEGO, CA 92193-9069

**SHELLPOINT MORTGAGE**
75 BEATTIE PL STE 300
GREENVILLE, SC 29601-2138

**<u>CERITIFED MAIL</u>**
**REGISTERED AGENT SOLUTIONS, INC.**
Agent for service of process for
FAY SERVICING, LLC
720 14TH STREET
SACRAMENTO, CA  95814

**EDWARD J. FAY**
CEO OF FAY SERVICING, LLC
720 14TH STREET
SACRAMENTO, CA  95814



## California
*Secretary of State*

🏠 Home

🔍 Search

📋 Forms

❓ Help

Login

Business | UCC

# Business Search

*The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.*

*Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.*

### Basic Search

- *A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove "C"** from the entity number. Note, **a basic search** will search **only ACTIVE entities** (Corporations, Limited*

### FAY SERVICING, LLC (200811910013)

✕


Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 04/25/2008 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | DELAWARE |
| *Entity Type* | Limited Liability Company - Out of State |
| *Principal Address* | 8001 WOODLAND CENTER BLVD, STE 100 TAMPA, FL 33614 |
| *Mailing Address* | 1801 S. MEYERS RD. SUITE 10 OAKBROOK TERRACE,IL60181 |
| *Statement of Info Due Date* | 04/30/2024 |
| *Agent* | 1505 Corporation 1231 REGISTERED AGENT SOLUTIONS, INC. 720 14TH STREET SACRAMENTO, CA  95814 |


View History


Request Access

State

BA20220422797

## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## LIMITED LIABILITY COMPANY

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20220422797 |
| Date Filed: 6/24/2022 |

B0859-1448 06/24/2022 10:51 AM Received by California Secretary of State

| Entity Details | |
| --- | --- |
| Limited Liability Company Name | FAY SERVICING, LLC |
| Entity No. | 200811910013 |
| Formed In | DELAWARE |

| Street Address of Principal Office of LLC | |
| --- | --- |
| Principal Address | 8001 WOODLAND CENTER BLVD, STE 100 TAMPA, FL 33614 |

| Mailing Address of LLC | |
| --- | --- |
| Mailing Address | 1801 S. MEYERS RD. SUITE 10 OAKBROOK TERRACE, IL 60181 |
| Attention | Ada Rivera |

| Street Address of California Office of LLC | |
| --- | --- |
| Street Address of California Office | None |

### Manager(s) or Member(s)

| Manager or Member Name | Manager or Member Address |
| --- | --- |
| Edward J Fay | 8001 Woodland Center Blvd., Suite 100 Tampa, FL 33614 |

| Agent for Service of Process | |
| --- | --- |
| California Registered Corporate Agent (1505) | REGISTERED AGENT SOLUTIONS, INC. Registered Corporate 1505 Agent |

| Type of Business | |
| --- | --- |
| Type of Business | Residential mortgage lender - servicer |

| Email Notifications | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

### Chief Executive Officer (CEO)

| CEO Name | CEO Address |
| --- | --- |
| Edward J Fay | 8001 Woodland Center Blvd., Ste. 100 Tampa, FL 33614 |

### Labor Judgment

No Manager or Member of this Limited Liability Company has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Edward Fay*

Signature

*06/24/2022*

Date

B0859-1449 06/24/2022 10:51 AM Received by California Secretary of State