| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>Benjamin Heston (297798)<br>100 Bayview Circle #100<br>Newport Beach, CA 92660<br>T: 951-290-2827<br>F: 949-288-2054<br>ben@nexusbk.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>YVONNE GIOVANNA STEWART<br><br><br><br>Debtor(s). | CASE NO.: 6:23-bk-10528-SY<br>CHAPTER: 13<br><br>**APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br>**[LBR 9075-1(b)]** |
|---|---|

1. Movant applies under LBR 9075-1(b) for an order setting a hearing on shortened notice on the following motion:

   a. Title of motion: <u>MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY</u>

   b. Date of filing of motion: <u>2/21/2023</u>

2. Compliance with LBR 9075-1(b)(2)(A): (***The following three sections must be completed***):

   a. Briefly specify the relief requested in the motion:

   See attached.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 1                         **F 9075-1.1.APP.SHORT.NOTICE**

b. Identify the parties affected by the relief requested in the motion:

   See attached.

c. State the reasons necessitating a hearing on shortened time:

   See attached.

3. Compliance with LBR 9075-1(b)(2)(B): The attached declaration(s) justifies setting a hearing on shortened notice, and establishes a *prima facie* basis for the granting of the motion.

4. Movant has lodged a proposed Order Setting Hearing on Shortened Notice on mandatory form F 9075-1.1.ORDER.SHORT.NOTICE

Date: 2/21/2023

NEXUS BANKRUPTCY
Printed name of law firm

/s/ Benjamin Heston
Signature of individual Movant or attorney for Movant

Benjamin Heston
Printed name of individual Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 9075-1.1.APP.SHORT.NOTICE**

## DECLARATION OF BENJAMIN HESTON

I, Benjamin Heston, declare as follows.

I am the attorney for the Debtor in the instant bankruptcy proceeding. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained in this declaration.

## SECTION A – RELIEF REQUESTED

Debtor is seeking an order imposing the stay to avoid the foreclosure of her property currently scheduled for March 1 at 9:00 a.m.

In the year proceeding the instant bankruptcy case, there have been two other bankruptcy cases filed by debtor that have been dismissed. The first case was filed in 2019 and dismissed in April of 2022 for deficient plan payments. The second case was filed in January 2023 and was dismissed for failure to file case commencement documents containing holographic signatures. As such, there is no stay in effect.

Counsel for debtor has spoken with a representative at Fay Servicing who informed him that their procedure for foreclosing during a bankruptcy case that has been refiled after a dismissal is that they will check the Court's docket on the morning of the sale, and if the court has not continued or imposed a stay, they will move forward with the scheduled foreclosure.

The instant bankruptcy proceeding was filed on February 14th, 2023. On February 15th, 2023, counsel for Debtor reached out to counsel for Fay Servicing, Darlene Vigil. After a short phone call, it seemed that the lack of a stay and pending foreclosure had been resolved through a two-strike APO. On Friday, February 17th, Ms, Vigil sent a one-sentence email to debtor's counsel which stated that their client was not agreeable. Ms. Vigil did not give an explanation for the change of heart or what exactly was unagreeable about the previously negotiated settlement.

The Court's posted procedures for emergency motions under LBR 9075 require that the moving papers and application be filed and concurrently delivered to Chambers. Since counsel for Fay Servicing waited until Friday afternoon to inform debtor's counsel and that they were not agreeable to an APO, it was not until today, February 21st, that that was able to file the motion for order imposing stay and application for order shortening time. Due to the 3-day weekend, this delay burned nearly an entire week.

The motion to impose stay was filed today, February 21st, and a Judge's copy was delivered to Chambers. This application for order shortening time is being filed today, February 21st.

As it is further explained in the motion to impose stay, debtor has had a drastic change in her financial circumstances such that it is clearly shown that despite the prior dismissals, the instant bankruptcy case will be fully consummated and all creditors will be paid in full. Furthermore, secure creditor is adequately protected in several forms. The property has an equity cushion of approximately $450,000, which is double the balance on the first mortgage. Debtor will be making periodic payments to the Chapter 13 Trustee for the arrears and directly to Fay Servicing for the ongoing mortgage payments. Debtor owns three other properties which are low value with low mortgage balances, but enough equity that a blanket lean could also serve to adequately protect secured creditor.

### SECTION B – AFFECTED PARTIES

The motion is seeking an order imposing the stay against all creditors. However, Fay Servicing is the only creditor who is attempting to enforce their debt during the case.

### SECTION C – REASONS FOR SHORTENED NOTICE

There is currently a foreclosure sale scheduled for March 1 at 9:00 a.m. By all indications, it appears that the property will be foreclosed on unless an order imposing stay prevents them from doing so. As this case was filed on February 14th, and the the Court has a trial week for February 21 through 24, the only time available to have the motion heard on the regular relief from stay calendar would be March 1 at 9:30 a.m. Therefore, regardless of any delays, shortened noticed would inevitably be required. Ms. Vigil is well aware that debtor is seeking the requested relief on short notice. Opposition to the motion can be made as late as the hearing, and can be made informally or orally. The Court allows for free telephonic appearances to be made. There would be no inconvenience to Fay Servicing to appear at the hearing. On February 15, Counsel for Debtor provided the proof of income and other documents supporting the motion on February 15th to Counsel for Fay Servicing.

The subject property has nearly $450,000 of equity at fair market value. Debtor intends to rent the property out until she retires, at which point she will be moving to the property. If a stay is not imposed prior to March 1st, the damage would be extreme and irreperable. Furthermore, the property is currently being rented by a family of six. If the property is foreclosed on, it is very likely that Fay Servicing would remove these tenants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: February 21, 2023

_____
BENJAMIN HESTON

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/21/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  Rod Danielson (TR) notice-efile@rodan13.com
  Edward A Treder cdcaecf@bdfgroup.com
  United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/21/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

  Judge Scott H. Yun
  3420 Twelfth Street
  Suite 345 / Courtroom 302
  Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/21/2023 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F 9075-1.1.APP.SHORT.NOTICE**