DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. Concours Street, Suite 350
Ontario, CA 91764
(626) 371-7000 – Phone
(972) 661-7726 - Fax
File No. 9746199
cdcaecf@BDFGroup.com

Attorneys for Secured Creditor
WILMINGTON TRUST, NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY
AS TRUSTEE FOR MFRA TRUST 2016-1

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re: | CASE NO.:    6:23-bk-10528-SY |
| YVONNE GIOVANNA STEWART, | CHAPTER:    13 |
| Debtor. | OPPOSITION TO MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY |
| | Hearing: |
| | DATE    February 28, 2023 |
| | TIME:    1:30 p.m. |
| | CTRM:    302 |

Secured Creditor WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2016-1 ("Wilmington Trust") hereby submits the following opposition to Debtor Yvonne Stewart's ("Debtor") Motion for Order Imposing a Stay or Continuing the Automatic Stay filed on February 21, 2023 and set for hearing on February 28, 2023 1:30 p.m. ("Motion") based upon the following:

1

2

## **BACKGROUND**

3

4      1.      Wilmington Trust holds a secured claim evidenced by a promissory note in the original

5    principal amount of $615,000.00 ("Loan Obligation") executed by Debtor Yvonne G. Stewart on or

6    about November 15, 2005, collateralized by a first priority deed of trust encumbering Debtor's real

7    property located at **9061 Evonvale Dr., Corona, CA 92883-5906** ("Property") and recorded on

8    November 29, 2005, as Instrument No. 2005-0981783, in the Official Records of Riverside County,

9    California. In October, 2010, the terms of the Loan Obligation were modified by a Home Affordable

10   Modification Agreement.  The mortgage payments on the Loan Obligation are due on the 1st day of

11   each month.

12      2.      Prior to the filing of this case, Debtor had two bankruptcy cases which were pending

13   within the prior twelve (12 months.

14      A.      Case No. 6:19-bk-18155-SY  ("Debtor's 2019 Case") - On September 16, 2019,

15

16   two days prior to Wilmington Trust's non-judicial foreclosure sale of the Property scheduled for

17   September 18, 2019,[1] Debtor commenced a Chapter 13 bankruptcy case in the United States Bankruptcy

18   Court for the Central District of California, Case No. 6:19-bk-18155-SY ("Debtor's 2019 Case").   Due

19   to the filing of Debtor's 2019 Case, the foreclosure sale was postponed.

20      On January 18, 2022, Wilmington Trust filed a Motion for Relief from the Automatic

21   Stay in Debtor's 2019 Case in connection with the Loan Obligation (Dkt. #62) (the "MFR").  The MFR

22   reflects at the time of filing, Debtor was delinquent five (5) post-petition payments.  On January 26,

23

24   2022, Debtor filed opposition to the MFR requesting an adequate protection agreement.   Debtor's

25   Opposition did not dispute the payment delinquency.  Concurrently with the filing of the opposition, on

26

27   ───────────────────

[1] A true and correct copy of the Notice of Trustee Sale recorded against the Property on August 19, 2019, as Document
28   No. 2019-0315491 in the Official Records of Riverside County, California, scheduling a sale date of September 18, 2019
is attached as **Exhibit 2** to the Request for Judicial Notice filed concurrently herewith ("RJN").

OPPOSITION TO MOTION TO IMPOSE THE AUTOMATIC STAY

1    January 26, 2022, Debtor filed Amended Schedules I and J in Debtor's 2019 Case.[2]  Debtor's amended

2    schedules reflect Debtor's increased monthly income in the amount of $12,336.80[3] and net income in the

3    amount of $5,100.97.[4]

4
          In February, 2022, the parties resolved the MFR by entering into an APO (Dkt. #81).  Two
5
     months later, on April 26, 2022, the Court granted Rod Danielson Chapter 13 Trustee's motion to dismiss
6
     Debtor's 2019 Case.[5]  Debtor's 2019 Case was dismissed due to Debtor's failure to pay plan payments
7
     and Debtor's purchase of real property without prior Court approval.[6]
8
          On September 13, 2022, a new Notice of Default and Election to Sell under Deed of Trust
9
10   was recorded against the Property.[7]  On December 16, 2022, a Notice of Trustee's Sale was recorded

11   scheduling a foreclosure sale for January 24, 2023.[8]

12
          B.    Case No. 6:23-bk-10196-SY ("Debtor's January, 2023 Case") – On January 20,
13
     2023, four days prior to the foreclosure sale scheduled for January 24, 2023, Debtor commenced a
14
     Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Central District of
15
16   California, Case No. 6:23-bk-10196-SY (Debtor's January, 2023 Case").  Due to the filing of Debtor's

17   January, 2023 Case, the foreclosure sale was postponed to March 1, 2023.

18
          On February 1, 2023, Debtor filed a motion to extend the automatic stay in Debtor's
19

20

21
     _____

22   [2] True and correct copies of Debtor's Amended Schedules I and J filed on January 28, 2022 in Debtor's 2019 Case are
     collectively attached as **Exhibit 4** to the RJN.
23   [3] *See*, Exhibit 4, Amended Schedule I at Line 12
     [4] *See,* Exhibit 4, Amended Schedule J at Line 23c.
24   [5] A true and correct copy of the Order and Notice of Dismissal Arising From Motion to Dismiss Chapter 13 [11 U.S.C. §
     1307] filed and entered on April 27, 2022 in Debtor's 2019 Case is attached as **Exhibit 5** to the RJN.
25   [6] *See* Motion, Page 7, at Paragraph 5(b)(2).
     [7] A true and correct copy of the Notice of Default and Election to Sell Under Deed of Trust recorded against the Property
26   on September 13, 2022, as Document No. 2022-0393044 in the Official Records of Riverside County, California, is
     attached as **Exhibit 6** to the RJN.
27   [8] A true and correct copy of the Notice of Trustee Sale recorded against the Property on December 16, 2022, as
     Document No. 2022-0505382 in the Official Records of Riverside County, California, scheduling a sale date of January
28   24, 2023 is attached as **Exhibit 7** to the RJN.

OPPOSITION TO MOTION TO IMPOSE THE AUTOMATIC STAY

January 23, 2023 Case (Dkt. #15).  The motion provides that Debtor will make all post-petition mortgage payments.[9]

On February 7, 2023, Debtor's January, 2023 Case was dismissed due to the failure to file schedules, statements and/or plan.[10]  Wilmington Trust has advised during Debtor's January, 2023 Case no payments were received from the Debtor.

3.       Debtor's current case is the fourth (4th) bankruptcy case affecting the Property since non-judicial foreclosure proceedings were commenced against the Property on November 8, 2016.[11]  On February 24, 2017, Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Court commencing United States Bankruptcy Court, Central District of California, Case No. 2:17-bk-12185-VZ ("Debtor's 2017 Case").

On May 2, 2017, Wilmington Trust's predecessor in interest Wells Fargo Bank, N.A. filed Proof of Claim No. 3-1 in Debtor's 2017 Case reflecting pre-petition arrearages in the amount of $27,878.07.  On May 18, 2018, Debtor's chapter 13 plan was confirmed.  Less than five months later, on October 3, 2018, Chapter 13 Trustee Nancy Curry filed a Motion to Dismiss because of delinquent plan Payments (Dkt. #50).   On January 8, 2019, the First Case was dismissed due to Debtor's failure to pay plan payments. (Dkt. #53).

4.       On  February 14, 2023, Debtor commenced the current case, her fourth Chapter 13 petition.  Wilmington Trust has advised the loan is in default in the approximate amount of $61,711.93, which includes 15 delinquent monthly mortgage payments from December 1, 2021 through and including February 1, 2023.  Wilmington Trust has advanced taxes and insurance on the Property.  The

---

[9]  *See*, Debtor's motion to extend the automatic stay filed on February 1, 2023 in Debtor's January 2023 Case at Page 5, Paragraph 4(a)(2)(C).

[10]  A true and correct copy of the Order and Notice of Dismissal for Failure to File Schedules, Statements and/or Plan filed and entered on February 7, 2023, in Debtor's January, 2023 Case is attached as **Exhibit 8** to the RJN.

[11]  A true and correct copy of the Notice of Default and Election to Sell Under Deed of Trust recorded against the Property on November 8, 2016, as Document No. 2016-0494953 in the Official Records of Riverside County, California, is attached as **Exhibit 1** to the RJN.

OPPOSITION TO MOTION TO IMPOSE THE AUTOMATIC STAY

escrow advances total approximately $7,680.28.  Wilmington Trust has also advised prior to the filing of

the current case, the last payment received was in May, 2022.  Wilmington has also advised the amount

of the March 1, 2023 monthly mortgage payment is $2,988.48.and the total indebtedness owed to

Wilmington Trust as of March 1, 2023 is approximately $505,044.40. Wilmington Trust has also

advised after Debtor's current case was filed, on February 15, 2023, Wilmington Trust received $3,130.

5.    On February 21, 2023 Debtor filed this Motion seeking to impose the automatic stay as to

all creditors.

## **ARGUMENT**

### THE MOTION SHOULD BE DENIED BECAUSE DEBTOR HAS NOT REBUTTED THE PRESUMPTION OF BAD FAITH

6.    It is undisputed that a presumption exists that this case is not filed in good faith.  *See* 11

U.S.C. § 362(c)(4)(D).  11 U.S.C. § 362(c)(4)(D) provides there is a presumption of bad faith since

Debtor's prior two bankruptcy cases were pending but dismissed within the last 12 months.  The bad

faith presumption may be rebutted by clear and convincing evidence to the contrary.  Debtor has the

burden of meeting the requirements established to overcome the presumption of bad faith.  Wilmington

Trust respectfully submits that Debtor has not provided any clear or convincing evidence to overcome

the bad faith presumption.    Debtor's Motion should be denied.

7.    The Motion alleges the presumption of a bad faith filing is overcome because:

"Debtor tried to file the case commencement documents with clean holographic
signatures, but was unable to due to technical difficulties."[12]

Essentially, the Motion alleges the failure to file requisite documents in Debtor's January, 2023

Case is excusable because the failure was due to technical difficulties.  It is important to note that

---

[12] *See*, Motion, Page 7, Paragraph 5(c)(5).

OPPOSITION TO MOTION TO IMPOSE THE AUTOMATIC STAY

1    Debtor's declaration in support of the Motion does not reflect that Debtor signed and timely provided to

2    her attorneys the necessary documents required in Debtor's January, 2023 Case.

3        8.        The Motion also alleges the presumption of a bad faith filing is overcome because:

4
        "Since the dismissal of Debtor's 2019 case, her income has almost doubled.
5        She has increased her expenses for a much more comfortable budget and
        her disposable income is currently five times greater than her proposed plan
6        payment."[13]

7    On January 28, 2022, Debtor filed amended Schedules I and J in Debtor's 2019 Case[14] reflecting

8    Debtor's monthly income in the amount of  $12,336.80.[15]  On February 7, 2023, Debtor filed Schedules I

9    and J in Debtor's January, 2023 Case[16] reflecting Debtor's monthly income is  $11,108.93.[17]   On

10   February 14, 2023, Debtor filed Schedules I and J in the current case[18]  reflecting Debtor's monthly income

11   is $11,591.04.[19]  Although Debtor alleges her income has almost doubled since the dismissal of Debtor's

12   2019 Case, Debtor's schedules reflect since the dismissal of Debtor's 2019 Case her monthly income of

13   $11,591.04[20] is less than her monthly income in her 2019 Case of $12,336.80.[21]

14       9.        The Motion also alleges Debtor has increased her expenses for a more comfortable budget.[22]

15   However, Debtor's scheduled expenses in the current case are significantly less than Debtor's scheduled

16   expenses in her prior two bankruptcy cases.

17       10.       In Debtor's 2019 Case, Debtor's amended schedules reflect expenses of $7,235.83.[23]  In

18   Debtor's January, 2023 Case, Debtor's schedules reflect expenses of $7,019[24] and Debtor's schedules filed

19   one week later in the current case reflect expenses of $4,326.[25]   The record reflects Debtor's expenses in

---

[13] *See*, Motion at Page 7, Paragraph 5(c)(2).
[14] *See* RJN, Exhibit 4.
[15] *See*, RJN, Exhibit 4, Schedule I at Line 12.
[16] *See,* Motion, Exhibit C(3), Schedules I and J.
[17] *See*, Motion, Exhibit C(3), Schedule I, Line 12.
[18] *See*, Motion, Exhibit C(4), Schedules I and J.
[19] *See*, Motion, Exhibit C(4), Schedule I, Line 12.
[20] *Id.*
[21] *See*, RJN, Exhibit 4, Schedule I at Line 12.
[22] *See*, Motion at Page 7, Paragraph 5(c)(2).
[23] *See*, RJN, Exhibit 4, Schedule J, Line 23b.
[24] *See*, Motion, Exhibit C(3), Schedule J, Line 23b.

OPPOSITION TO MOTION TO IMPOSE THE AUTOMATIC STAY

the current case of $4,326 are significantly less than her expenses in the prior two bankruptcy cases.

11.      The Motion also reflects Debtor's disposable income is currently five times greater than

her proposed plan payment."[26]  Debtor's scheduled net income in the current case of $7,263.04[27] is five

times greater than the proposed plan payment of $1,390.  However, one week earlier, on February 7, 2023,

Debtor's scheduled net income reflected $4,089.93.[28]  According to Debtor's schedules, her disposable

income increased $3,173.11 in one week ($7,263.04 - $4,089.93 = $3,173.11).  Debtor's Declaration in

support of the Motion provides no detail or explanation for the $3,173.11 difference in one week which is

a 43% increase.  Wilmington Trust submits that Debtor's net income in the current case which

substantially increased in one week appears speculative.

12.      Debtor alleges good cause exists to grant the Motion because:

"The Property is of consequential value or benefit to the estate and the
default on the Property is the sole purpose of the Debtor filing her
Chapter 13."[29]
"Debtor intends to reside in the Property once she retires."[30]

Debtor's Schedule A filed in her 2019 Case reflects Debtor owned two properties – the

subject Property in Corona, California and a property located at 2450 Daybreak St., Hemet, California.[31]

Debtor's Schedules A and D filed in the current case reflect Debtor now owns four properties each

encumbered by a mortgage.[32]  According to Debtor's schedules, two of the properties, including her

current residence in Taft, California were acquired after the filing of Debtor's 2019 Case.[33]

13.      Debtor's Schedule I filed in the current case reflects the Property is a rental and earns $0

---

[25] *See,* Motion, Exhibit C(4), Schedule I, Line 23b.
[26] *See*, Motion at Page 7, Paragraph 5(c)(2).
[27] See, Motion, Exhibit C(4), Schedule J, Line 23c.
[28] *See*, Motion, Exhibit C(3), Schedule J, Line 23c.
[29] *See*, Motion, at Page 6, Paragraph 5(a)(2).
[30] *Id.*
[31] True and correct copies of Debtor's Schedules A/B filed on September 30, 2019 in Debtor's 2019 Case are attached collectively as **Exhibit 3** to the RJN.
[32] True and correct copies of Debtor's Schedules A and D filed on February 14, 2023 in Debtor's current case are attached collectively as **Exhibit 9** to the RJN.
[33] *See,* RJN, Exhibits 3 and 9.

OPPOSITION TO MOTION TO IMPOSE THE AUTOMATIC STAY

1   net income.[34]

2        14.    Debtor's Chapter 13 Statement of Current Monthly Income and Calculation of

3   Commitment Period filed on February 14, 2023 at Page 2 reflects from August, 2022 – January, 2023

4   Debtor received rents in the amount of $2,900 each month from her rental of the Property.[35]

5   Wilmington Trust has advised no payments were received during those months.

6        15.    On February 20, 2023, Debtor filed a Chapter 13 Plan.[36]  Debtor's Plan provides for

7   Wilmington Trust's Loan Obligation as a Class 4 claim proposing to pay the ongoing mortgage payments

8   to Fay Servicing and arrearages in the estimated amount of $63,000.  The Plan also proposes to pay the

9   ongoing monthly payments to the homeowner's association for the Property Elite Community Management

10  (the "HOA") and  cure arrearages in the amount of $8,000.

11       16.    The only arrearage claims identified in Debtor's Plan are Wilmington Trust's mortgage arrears

12  and the HOA arrears for the Property.  The Plan reflects Debtor is contractually current on her three other

13  mortgages encumbering her three other properties.

14       17.    The record reflects Debtor collected rent from her tenants on the Property from August,

15  2022 through January, 2023 in the amount of $17,400 (6 x $2,900= $17,400) and did not pay the

16  mortgage or  the HOA dues.  The record also reflects Debtor kept the rents and maintained her three

17  other mortgages encumbering three different properties.

18       18.    Debtor's failure to pay her mortgage and HOA dues for the Property is contradictory to

19  Debtor's assertion that she intends to retain the Property.  In Debtor's 2017 Case, the mortgage arrears

20  totaled  $27,878.07.[37]  Now, six years later, the mortgage arrears have more than doubled to

21  approximately $61,711.93.  Rather than pay her mortgage, from August, 2022 through January, 2023

---

[34] *See*, Motion, Exhibit C(4), Schedule I, Line 12.

[35] A true and correct copy of Page 2 of Debtor's Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period filed on February 14, 2023  is attached as Exhibit **10** to the RJN.

[36] *See,* Motion, Exhibit C(5), Chapter 13 Plan.

[37] *See*, Proof of Claim No. 3-1 filed on May 2, 2017, in Debtor's 2017 Case by Wilmington Trust's predecessor Wells Fargo Bank, N.A.

OPPOSITION TO MOTION TO IMPOSE THE AUTOMATIC STAY

1    Debtor collected and kept rents from the Property totaling $17,400 and then filed her prior case and the

2    current case to stop Wilmington Trust's default remedies.

3           19.    Due to Debtor's failure to pay the Loan Obligation, Wilmington Trust moved forward

4    with its state law remedies.  As a result of Debtor's series of bankruptcy filings, Wilmington Trust could

5    not move forward with the sale date.  Wilmington Trust submits that Debtor's multiple bankruptcy

6    filings affecting the Property and the timing of Debtor's prior two bankruptcy filings (Debtor's 2019

7    Case filed two days before a foreclosure sale and Debtor's January, 2023 Case filed four days before a

8    foreclosure sale) weigh against imposing the automatic stay.

9
                                           **CONCLUSION**
10

11          Wilmington Trust respectfully submits that Debtor has not rebutted the presumption of a bad

12   faith filing in this case.  Based thereon, Wilmington Trust respectfully requests the Court deny Debtor's

13   Motion to impose the automatic stay.  On February 16, 2023, in response to Debtor's offer of an APO

14   providing for two strikes, Debtor's counsel was specifically advised Wilmington Trust was not agreeable

15   to Debtor's offer of an APO. Wilmington Trust respectfully requests that Debtor's Motion be denied and

16   Debtor's request for an adequate protection stipulation be denied.

17
                                           BARRETT DAFFIN FRAPPIER
18                                          TREDER & WEISS, LLP
19
20   Dated:  February 27, 2023              By:    /s/ Darlene C. Vigil
                                                   DARLENE C. VIGIL
21                                                 Attorneys for Secured Creditor
                                                   WILMINGTON TRUST, NATIONAL
22                                                 ASSOCIATION, NOT IN ITS INDIVIDUAL
                                                   CAPACITY, BUT SOLELY AS TRUSTEE
23                                                 FOR MFRA TRUST 2016-1
24
25
26
27
28

OPPOSITION TO MOTION TO IMPOSE THE AUTOMATIC STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3990 E. CONCOURS STREET, SUITE 350, ONTARIO, CA 91764

A true and correct copy of the foregoing document entitled (*specify*): <u>Opposition to Motion in Individual Case for Order</u>
<u>Imposing a Stay or Continuing the Automatic Stay</u>   will be served or was served **(a)** on the judge in chambers in the form
and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>February 27, 2023</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

U.S Trustee/(RS):  ustpregion16.rs.ecf@usdoj.gov
Ch. 13 Trustee:  Rod Danielson (TR)    notice-efile@rodan13.com
Debtor's Attorney: Benjamin Heston  bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*)  <u>February 27, 2023</u>, I served the following persons and/or entities at the last known addresses in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United
States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that
mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor: Yvonne Giovanna Stewart, 412 Naylor Ave., Taft, CA 93268-4223

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  <u>February 27, 2023</u>, I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in
writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a
declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the
document is filed.

JUDGE:  Hon. Scott H. Yun, U.S. Bankruptcy Court, 3420 Twelfth Street, Suite 345, Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/27/2023 | DARLENE VIGIL | /s/ Darlene Vigil |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**